MERCHANTS DELIVERY SERVICE, INC., a corporation, and Louise Schwab, Incompetent, who sues by and through her legally appointed guardian, Chris Schwab, Jr., Appellants,

v.

JOE ESCO TIRE CO., a corporation, and J. B. Mason, Appellees.

No. 45827.

Supreme Court of Oklahoma.

March 11, 1975.

Rinehart, Cooper & Stewart by Patricia Sellers, Oklahoma City, for appellants.

Melvin F. Pierce, Oklahoma City (Pierce, Duncan, Couch & Hendrickson, Oklahoma City, of counsel), for appellees.

DAVISON, Justice:

Merchants Delivery Service, Inc., and Louise Schwab, Incompetent, plaintiffs below, appeal from an order and judgment of the trial court sustaining the general demurrers of the defendants Joe Esco Tire Co., and J. B. Mason to plaintiffs' petition, and dismissing plaintiffs' alleged cause of action when plaintiffs elected to stand on their petition and not make any amendment of the same.

The question below and before this court is whether plaintiffs' petition states a cause of action.

Plaintiffs' petition alleged in part that on or about a certain date the defendant J. B. Mason, as an agent and employee of defendant Joe Esco Tire Co., and while engaged in the business of that defendant, " * * * drove his automobile to Roberson Steel Company to see if they had any tires to be picked up that day. While he was in the Roberson Steel Building, he negligently left the keys in the ignition of the vehicle and the engine running, leaving the vehicle completely unattended."

And further alleged as follows:

"3. During the time the vehicle was negligently left unattended, it was stolen by a Mr. Harjo, who then drove the car across the intersection of N. W. 6th and Blackwelder and into the plaintiff's building, inflicting heavy damage to both the building and its contents.

"4. That but for the negligence of J. B. Mason, the agent, servant and employee of the defendant corporation in leaving the keys in the ignition of the automobile with its engine running and accessible to theft, the automobile would not have been stolen and the accident would not have occurred.

"5. That said accident was a foreseeable and not uncommon result of said negligence and was a proximate result thereof."

The petition further alleged that the act of the agent J. B. Mason was negligence per se in that it violated that part of 47 O.S.1971, § 11–1101, as follows:

"The person driving or in charge of a motor vehicle *shall not permit it to stand unattended without first stopping the engine,* and effectively setting the brake thereon . . . " (Emphasis added.)

Plaintiffs prayed judgment for damages to the building and its contents.

The petition in its entirety, quoted and unquoted portions, does not affirma-

tively allege whether the automobile was left unattended upon private property at Roberson Steel Company or upon a public street. Our interpretation of the allegations, when considered in the light of the quoted statute and other statutes is that the vehicle was left unattended upon a public street or highway.

We base this conclusion upon the quoted statute, supra, which is a part of Chapter 11. Article XI, "MISCELLANEOUS RULES" of "RULES OF THE ROAD," and upon that portion of 47 O.S.1971, § 11–101, which reads as follows:

"The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon the highways except:

"The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon the highways except:

"1. Where a different place is specifically referred to in a given section."

And upon 47 O.S.1971, § 1–122, which defines "Highway" as follows:

"The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

The question is whether a motorist or owner of a car who leaves it unattended upon a public street with the engine running, in violation of 47 O.S.1971, § 11–1101, is liable for injuries to property suffered when the car was driven into a building by a thief who stole it.

The courts are not in accord and their decisions cannot be reconciled as to the correct answer to this question. This and similar situations, where an automobile has been left unattended in violation of a statute, is the subject of an extensive annotation in 45 A.L.R.3d 787, and in which at page 804, relative to a motorist's failure to remove the ignition key from his unattended motor vehicle in violation of a key-in-ignition statute, it is stated, "recovery has been denied the victim of an accident caused by an intermeddler under the theory that, regardless of whether, as a technical matter, the motorist's statutory violation constituted negligence or evidence of negligence, it was, as a matter of law, not the proximate cause of the accident, having been superseded in such role by the intervening activity of the intermeddler." Citing cases. This view is followed in most jurisdictions.

In Pepsi-Cola Bottling Co. of Tulsa v. Von Brady, Okl., 386 P.2d 993, the situation was that the cola truck was parked in a no-parking zone and plaintiff's car was forced to collide with the truck when a passing car forced plaintiff to swerve to the right. And in Woodward v. Kinchen, Okl., 446 P.2d 375, plaintiff, a passenger in defendant's car, claimed that defendant, in violation of a statute, was illegally parked on the roadway beside a car already stopped and parked at the edge of the street, when another car backed into defendant's car, injuring plaintiff. In both cases we held that the circumstances did not reflect a liability on the part of the defendants.

In the Pepsi-Cola Bottling case we stated or quoted that the rule was well established that violation of a city ordinance does not subject a party to civil liability unless such violation was the proximate cause of the resulting injury.

We have adhered to the rule that although the violation of a statute may be a negligent act, the violation does not constitute "actionable negligence" unless the injury complained of is the proximate result thereof and the person injured is a member of the class intended to be protected by the statute and injury is of the kind the statute intended to prevent. Pepsi-Cola Bottling Co., supra.

It is a well established rule that whether there is any evidence tending to show causal connection between the acts of the defendant and the injury complained of is a question of law for the court. Midco Oil Corporation v. Hull, 182 Okl. 21, 75 P. 2d 1126, and Pepsi-Cola Bottling Co., supra.

We have set forth the statute, supra, relied upon by plaintiffs herein, and the statutes related thereto and defining the terms thereof, supra. It is our belief and conclusion that 47 O.S.1971, § 11–1101, was enacted as a traffic regulation for the purpose of the protection of car owners themselves and as an aid in proper law enforcement in the discouragement of theft and pilferage. As stated in Anderson v. Theisen, 231 Minn. 369, 43 N.W.2d 272, "It is one thing to say that the ordinance is designed to prevent thefts and quite another to say that it is aimed at preventing negligent driving from the scene of the theft." of the automobile. It is our belief that if the statute, supra, had been intended to impose upon the motorist a duty running to the benefit of one injured in an accident caused by the thief driver of the car, there would have been a clearer expression of such legislative intent. Annotation 45 A.L.R.3rd 787, 806.

We have further held that the proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury. Woodward v. Kinchen, supra, and Pepsi-Cola Bottling Co., supra.

It is our conclusion that under the facts alleged in plaintiff's petition the alleged negligence of defendant Mason merely furnished a condition by which the injury was possible, and the subsequent independent acts of the thief Harjo caused the injury.

The trial court did not err in sustaining defendants' demurrers to plaintiffs' petition and dismissing their action.

Affirmed.

WILLIAMS, C. J., and IRWIN, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., concurs in result.