Jennifer Ann FELTY, Deceased, by Michael C. Felty, and Deborah Sue Felty, natural father and mother and next friend, and Michael C. Felty, Individually, Appellants,

v.

The CITY OF LAWTON, Oklahoma, a Municipal Corporation, and Leon G. Burks, Appellees.

No. 50151.

Supreme Court of Oklahoma.

May 31, 1977.

As Corrected on Denial of Rehearing May 15, 1978.

Burton & Hamlin, by Joe W. Hamlin, Lawton, for appellants.

Jack Atkinson, Lawton City Atty., and Walker, Jackman & Livingston, by J. Warren Jackman, Tulsa, for appellees.

DAVISON, Justice:

Appellants, plaintiffs below, brought an action for wrongful death and damages in

the District Court of Comanche County against the City of Lawton and a Lawton police officer, Leon G. Burks, alleging that the negligence of Officer Burks, while acting as an agent of the City, was the proximate cause of the death of their daughter, Jennifer Ann Felty, in an automobile accident. Both the City's negligence and Officer Burks' negligence is based upon Officer Burks having left his marked police cruiser unattended with the keys in the ignition and with its motor running, which allegedly enabled one Ricky Lynn Overstreet to steal the police car and in driving that vehicle in a reckless and careless manner, cause the injury and ultimate death of the appellants' daughter.

The defendants filed a general demurrer to the petition, which was sustained. It is from the order sustaining the demurrer that the appellants appeal.

There is no dispute that the appellants plead sufficient facts to show jurisdiction, venue, standing, damage, negligence on the part of Officer Burks and negligence on the part of the alleged car thief, Ricky L. Overstreet. The question presented is whether the facts alleged in the petition are sufficient to constitute an act of negligence on the part of the defendant which would constitute the proximate cause of the plaintiff's injury. The allegations in appellants' petition alleging negligence on the part of the defendants are as follows:

"That on May 4, 1976, in the City of Lawton, Comanche County, State of Oklahoma, the defendant, Leon G. Burks, was on duty as a police officer for the City of Lawton; that between the hours of 3:30 and 4:00 P.M. on said day, the defendant, Leon G. Burks, pursuant to his said employment aforesaid and in furtherance of the interests of the defendant, City of Lawton, responded to an 'attempted arson' call at 526 Southwest 'G' Avenue; that the defendant, Leon G. Burks, upon arriving at said location, stopped his police cruiser, a 1976 Plymouth police car equipped with red and blue lights, sirens and bright distinctive markings, on a public highway, to-wit: 526 Southwest 'G' Avenue; that upon his departure from said police car, the defendant, Leon G. Burks, failed to remove the ignition keys from said automobile and failed to turn the motor of said automobile off; the defendant, Leon G. Burks, thus left said police cruiser unlocked, unguarded, exposed and out of his view; that the defendant, Leon G. Burks, while in the residence at 526 Southwest 'G' Avenue, first became aware that his police cruiser was missing when alerted by Fire Marshal Ray Catlin, who had also come to investigate the 'attempted arson'; that during the time said vehicle was negligently left unattended, it was taken without authorization or consent by Ricky L. Overstreet, who left the area of 5th and Southwest 'G' Avenue at approximately 4:05 P.M.; that your plaintiffs have no knowledge of the route Ricky L. Overstreet drove while said automobile was in his possession, but that at approximately 5:00 P.M., the stolen police cruiser driven by Ricky L. Overstreet was seen heading South on U.S. Highway 277 just North of the intersection of Rogers Lane and U.S. Highway 277 at approximately 100 miles per hour; that after passing through said intersection, said vehicle proceeding southerly, Ricky L. Overstreet negligently, carelessly and wantonly lost control of said stolen police cruiser whereupon said vehicle struck a concrete abutment on the West shoulder of U.S. Highway 277, careened across the southerly lanes of traffic some 280 feet, crossed the 90 foot grassy center median, 'bottomed out' and went airborne nearly 65 feet as it diagonally crossed the northerly lanes of traffic on U.S. Highway 277 and thereupon collided, head-on, with a vehicle being driven northerly by Ruby A. Dudark, deceased; that plaintiffs' intestate was riding in the front seat of said north bound automobile and was pinned in the wreckage; that after a substantial length of time, plaintiffs' intestate was removed from said wreckage and was then taken by ambulance, still alive, to the Comanche County Memorial Hospital where after attempts to save Jennifer Ann Felty, she was pronounced dead.

"That the defendants were negligent in that:

(a) the defendant, Leon G. Burks, while investigating the incident aforesaid at approximately 3:30–4:00 o'clock P.M., stopped his said police cruiser on a public highway, i. e. 526 Southwest 'G' Avenue in Lawton, Comanche County, Oklahoma;

(b) that thereupon the defendant, Leon G. Burks, negligently and carelessly left the ignition keys in said ignition of the automobile, with the door unlocked; that said automobile was therefore left unguarded and exposed in an area heavily traveled by pedestrians and the motoring public, the defendant, Leon G. Burks, knowing that such exposure created extreme risks;

(c) that the defendant, Leon G. Burks, was negligent in failing to turn off the motor of said automobile upon his departure therefrom in violation of 47 Oklahoma Statutes Annotated, Section 11–1101, which provides as follows:

*'The person driving or in charge of a motor vehicle shall not permit it to stand unattended without first stopping the engine, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.'*

and in violation of a valid existing ordinance of the City of Lawton, Oklahoma, said being Article 15, Section 20–142, as follows:

*'Brakes: motor not to be left running; animals*

*Adequate brakes shall be set on all parked vehicles. No driver of a motor vehicle shall leave any vehicle with the motor running while parked. Animals left or parked on the streets shall be securely hitched.'*

and, further, in violation of Lawton Police Department's Rules and Regulations, Chapter 111, Section 362(A), as follows:

*'Members of the Department, when driving vehicles of any description, private or of the City, shall not violate the traffic laws except in cases of absolute emergency, and then only in conformity with the law or order regarding the same.*

*They shall set a good example for other persons in the operation of their vehicle.'*

and Section 364(C) as follows:

*'When operating any City vehicle the provisions of State Laws, Section 11–101, shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.'*

That the above acts are in violation of the Statutes of the State of Oklahoma, and the Ordinances of the City of Lawton, Oklahoma, and are negligence per se.

"Further, that the defendant, Leon G. Burks, was negligent and careless by failing to lock said automobile upon his departure therefrom and removing the ignition keys thereby drastically and assuredly enhancing the likelihood of personal injury to others; that the defendants, Leon G. Burks and City of Lawton, knew, or should have known, that failure to remove ignition keys from an automobile markedly increased the probability of said automobile being stolen; that the defendant, Leon G. Burks, and defendant, City of Lawton, knew, or should have known, that stolen automobiles result in personal injury to other motorists some 200 times more often as non-stolen automobiles.

"That said resultant theft and wrongful death to plaintiffs' intestate was foreseeable; that such theft and resultant wrongful death was a reasonably foreseeable event which commonly results from leaving keys in an automobile; that such theft and resultant wrongful death was not an uncommon result of said negligence but, rather, was exactly the sort of occurrence which said negligent conduct allows; that the resultant theft was foreseeable because defendants, and each of them, had actual knowledge that such result could follow due to prior similar occurrences.

"That said defendant, Leon G. Burks, was further negligent in permitting his said police cruiser, complete with red and blue lights, bright insignia and alluring design to

stand unoccupied and out of his view; that the defendant, Leon G. Burks, knew, or should have known, that passersby, especially young people, would be naturally drawn and attracted to said automobile and that the unguarded, unlocked, exposed automobile, with the ignition keys therein and the motor running thereby constituted a dangerous attraction and instrumentality which the defendant, Leon G. Burks, knew to be an extreme risk and danger to the motoring public, including plaintiffs' intestate; whereupon the said Ricky L. Overstreet, attracted to and allured by said police cruiser took said vehicle and in operating it negligently, carelessly and wantonly, as set out above, caused injury and damage and wrongful death to plaintiffs' intestate.

"That said defendant, Leon G. Burks, was further negligent in allowing said police cruiser to remain unlocked, unguarded, out of his view and exposed with the keys in the ignition and the motor running; that said police cruiser thereby constituted and was a dangerous condition and instrumentality; whereupon the said Ricky L. Overstreet acted upon said dangerous condition by negligently, carelessly and wantonly taking said automobile and driving said automobile in a reckless, negligent, careless and wanton manner as set out above, thereby causing the fatal injuries and damages and wrongful death to plaintiffs' intestate.

"Further, that the negligence of the defendant, Leon G. Burks, as aforesaid, was joined and combined with the concurrent negligence of Ricky L. Overstreet; that the negligence of Ricky L. Overstreet consisted in taking said police cruiser and driving and operating said police cruiser in a negligent, careless and reckless fashion as set out above; that such separate and independent acts of negligence by the defendant, Leon G. Burks, and Ricky L. Overstreet were concurrent and were the proximate cause of the fatal injuries suffered by plaintiffs' intestate; that such concurrent negligence resulted, proximately, in the injuries and damages set out herein jointly and severally between the defendant, Leon G. Burks, and Ricky L. Overstreet, joint tortfeasors.

"That the above acts, failures, omissions or commissions, either singularly or in combination, were the proximate cause of the accident on May 4, 1976, and the resultant fatal injuries and damages suffered by plaintiffs' intestate as set out herein."

In *Merchants Delivery Service, Inc. v. Joe Esco Tire Co.*, Okl., 533 P.2d 601 (1975), this Court, in a similar case, affirmed the trial court's order sustaining the defendant's demurrer to the petition; in that case, we stated:

"We have further held that the proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury. [Cites omitted].

It is our conclusion that under the facts alleged in plaintiff's petition the alleged negligence of defendant Mason merely furnished a condition by which the injury was possible, and the subsequent independent acts of the thief Harjo caused the injury."

For the above stated reasons, we hold that any acts of Officer Burks which *might have constituted negligence,* (emphasis ours) merely furnished the condition, and did not constitute the proximate cause of the injuries alleged, and therefore the petition failed to state a cause of action. The appellant argues that this case is distinguishable from the *Merchants Delivery Service, Inc.,* case, supra, in the following ways:

1. A police officer, who had a duty to protect the public, and not a delivery boy, is involved.

2. A police cruiser, with distinctive markings and equipment, and not a delivery truck is involved.

3. Personal injury and not property damage is involved in this case.

4. The theft of the police cruiser was foreseeable, because of prior incidents of

theft of police cruisers with keys left in them.

5. The police officer had a contractual duty to the general public to obey the laws of the State, which coupled with the other distinguishing factors give rise to a *"special circumstance" the existence of which give rise to a special duty, which but for special circumstance would not exist.*

In arguing that a special circumstance existed, and that the circumstance gave rise to a special duty on the part of the defendants, which, but for the special circumstance would not exist, appellants call our attention to a separate theory which they contend results in liability notwithstanding the fact that the acts alleged on the part of the defendants, were, as set forth above, not the proximate cause of the injuries alleged. That theory is based upon a special duty to prevent the actions of third parties under "special circumstances".

Asserting that a "special circumstance" existed, appellants cite two California cases, *Hergenrether v. East*, 61 Cal.2d 440, 39 Cal.Rptr. 4, 393 P.2d 164 (1964); and *Tarasoff v. Regents of University of California*, 13 Cal.3d 177, 118 Cal.Rptr. 129, 529 P.2d 553 (1974). Both of these California cases are based upon the existence of a special duty. In analyzing this special duty, the California courts reasoned that in some "special circumstances", the negligent acts of a third person are so foreseeable that such acts cannot properly be viewed as independent intervening causes. Accordingly the California courts find that under certain "special circumstances", a special duty to prevent the actions of a third person arises.

In discussing the liability of persons who leave their keys in the ignition of their cars, the California Supreme Court, in *Hergenrether*, supra, referred to its earlier case of *Richards v. Stanley*, 43 Cal.2d 60, 271 P.2d 23. In the *Richards* case, the California Supreme Court stated:

"In one sense the problem presented involves the duty of the owner of an automobile so to manage it as not to create an unreasonable risk of harm to others. It bears emphasis, however, that when Mrs. Stanley left the car it was in a position where it could harm no one, and no harm occurred until it had been taken by a thief. Thus a duty to prevent such harm would involve more than just the duty to control the car, it would involve a duty to prevent [the] action of a third person. Ordinarily, however, in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another." [cites omitted]

In *Richards v. Stanley*, supra, the California Supreme Court concluded that under the circumstances presented, the foreseeability of harm standing alone did not as a matter of law create a duty on the part of the owner of a vehicle to protect against injuries to third persons on the highway caused by the negligent driving of one who, finding the key negligently left in the ignition by the owner, steals the vehicle.

In *Hergenrether*, supra, the California Supreme Court ruled that the holding of the court in *Richards v. Stanley*, supra, did not bar recovery in all such cases, reasoning that there are "special circumstances," which can create a greater potential of foreseeable risk or more serious injury. Such circumstances, reasoned the court, may be deemed to impose an unreasonable risk on third persons and therefore give rise to a legal duty to third persons. Such "special circumstances," in *Hergenrether*, which gave rise to a duty to control the conduct of third persons so as to prevent them from causing harm to another were:

"(1) the vehicle was left in a neighborhood which was frequented by persons who had little respect for the law and the rights of others; (2) the neighborhood was heavily populated by drunks and near drunks; (3) the vehicle was intended to be left there for a relatively long period of time—from midafternoon to the following morning—and, of particular importance, it was intended that it would be left for the entire night; and (4) the

vehicle was a partially loaded two-ton truck, the safe and proper operation of which was not a matter of common experience, and which was capable of inflicting more serious injury and damage than an ordinary vehicle when not properly controlled."

From our reading of the California cases, we conclude that the "special circumstances" rule recognized by the courts in that jurisdiction is based upon the rationale that there are some "special circumstances", under which not only the theft of an automobile with the keys in the ignition if foreseeable, but the negligent operation of the vehicle, if stolen, is also foreseeable, thus giving rise to a duty to prevent the foreseeable negligence.[1]

■ Although we do not today decide whether under "special circumstances," the rule announced by this Court in *Merchants Delivery Service, Inc.*, supra, is nonapplicable, we do hold that under the facts plead in appellants' petition, no "special circumstances" existed that would impose an additional duty on the part of the defendant to prevent the actions of third persons.

For the above stated reasons, we hold that the petition did not state a cause of action against either defendant, for the actions alleged were not the proximate cause of the damages alleged, and no special circumstances were plead which would give rise to a special duty to prevent the actions of third persons. This being the case, we affirm the order of the trial court which sustained the demurrer to the petition for failure to state a cause of action.

AFFIRMED.

All the Justices concur.

1. For examples of situations in which the negligent operation of a vehicle by a thief was held to be or characterized as foreseeable, see *Richards v. Stanley*, 43 Cal.2d 60, 271 P.2d 23 (1954) in which the court suggested that leaving an automobile with the keys in the ignition in front of a school where it might reasonably be expected to be easy prey to irresponsible children, would make the negligent operation of the vehicle foreseeable; and *Richardson v. Ham*, 44 Cal.2d 772, 285 P.2d 269 (1955) in which the defendant left unattended and un-

locked a 26 ton bulldozer which was stolen for a joy ride by three inebriates who were able to get the dozer underway, but unable to control it. Also see *Tarasoff v. Regents of University of California*, 13 Cal.3d 177, 118 Cal.Rptr. 129, 529 P.2d 553 (1974), cited by appellants, in which the California Court found that there was a duty to warn third persons of threats made against them by a psychotic individual— the duty stemming from a special relationship and special knowledge on the part of a campus psychotherapist and a campus policeman.