Ross Linley MINOR, Appellant,

v.

The Michael Ben ZIDELL TRUST, The Lisa Helaine Zidell Trust, The Jeffrey Stewart Zidell Trust, The Hollye Irene Zidell Trust, The Loren Hope Zidell Trust, The Julie Allison Zidell Trust, The Heather Illyes Zidell Trust, d/b/a Sheridan Village Shopping Center, joint venturers; Malcolm L. McCune and The Estate of M. Murray McCune, Deceased, Appellee.

No. 51671.

Supreme Court of Oklahoma.

Oct. 7, 1980.

Charles A. Voseles, Tulsa, for appellant.

Rhodes, Hieronymus, Holloway & Wilson by William B. Selman, Tulsa, for appellee Sheridan Village Shopping Center, Joint Venturers.

Conner, Winters, Ballaine, Barry & McGowen by Horace D. Ballaine, Tulsa, for appellee Malcolm L. McCune.

Rucker, Tabor, McBride & Hopkins, Inc., by R. Dow Bonnell, Tulsa, for appellee The Estate of M. Murray McCune, Deceased.

OPALA, Justice:

In this tort action we hold that proximate cause does present the dispositive question of law and affirm the trial court's summary judgment in favor of the multiple defendants in the case.

An 86-year old man [Motorist] drove to a local shopping center [Owner] and let his wife off at one of the shops. He then attempted to park his automobile in the Owner's second-story parking facility. Around the perimeter of this facility, there was a concrete curb [7¾" high], behind which stood a brick wall approximately 3-feet high. The wall marked the outer boundary of the elevated lot area. The curb and the wall behind it were clearly observable to the public.

After driving into one of the marked spaces along the outer-perimeter, Motorist saw another stall he liked better. While he began to back out of the first space, he noticed another car which had just taken the space he preferred. He then began to head back into the stall he had originally staked out. Continuing in motion or perhaps surging forward after negotiating the maneuver necessary to pull into the parking space first entered, the Motorist's car went over the wheel curb, downward after crashing through the wall and then came to rest in the street below. Motorist does not remember either pressing down on the accelerator or going over the concrete curb. The police officer investigating the accident found nine feet of acceleration marks left by the back wheels in the very spot where Motorist had attempted to park. Motorist lost consciousness while proceeding into the parking stall. His theory of recovery rests both on Owner's negligence and that of the architects. The defect is alleged to lie in the design and construction of the wheel curb and the wall behind it. From summary judgment for Owner and architects, Motorist brings this appeal.

The trial judge viewed the dispositive question—as to all defendants in the case—to be that of proximate cause. He did not attempt to deal with the issue of whether any duty had been in fact breached. We agree with that approach. The sole issue for decision is: Do the undisputed facts shedding light on the proximate cause of Motorist's harm—as presented below by summary judgment motion—raise but a single inference of nonliability?

We answer in the affirmative and hold that the trial court correctly ruled that the alleged negligence of Owner and its architects in the maintenance, construction and design of the upper-level parking area was not—as a matter of law—the proximate cause of Motorist's injuries. We need not hence concern ourselves with the correctness of the architect's contention that their liability to the Motorist is legally expressible in terms coextensive with that of a builder or contractor whose "job" had been "accepted" by the owner.[1]

1. *Greenwood v. Lyles & Buckner, Inc.*, Okl., 329 P.2d 1063, 1065 [1958]; *Leigh v. Wadsworth*, Okl., 361 P.2d 849, 850–852 [1961]; *Schlender v. Andy Jansen Company*, Okl., 380 P.2d 523, 526 [1963]. Neither are we intimating that the invitor's duty of care was breached nor that an architect's liability is based on general negligence standards rather than on the more restrictive invitor's tort–liability criteria. *Sutherland v. Saint Francis Hospital, Inc.*, Okl., 595 P.2d 780 [1979]. We are merely assuming *tive Plans or Design.*

that if both the invitor and its architects did in fact breach some duty to the Motorist, neither is liable here. This is so because the proximate-cause issue must be resolved against the Motorist. See anno. in 97 A.L.R.3d 455 [1980], *Architect's Liability for Personal Injury or Death Allegedly Caused by Improper or Defec-*

## I

The question we must answer when considering the proximate cause of the harmful event for which recovery is sought is: Is the collapse of the outer–perimeter wall to be regarded as proximately caused by the force of the runaway car moving against it under engine power, or by the combination of that factor in interaction with a defect in the wall's design and construction? We view the thrust of the unguided automobile as the efficient, independent cause which was not in itself foreseeable.

■ Not every intervening cause will insulate the original negligent actor from liability.[2] The law frequently views such cause as capable of "combining" or acting "in concert" with another act or omission to produce the injury. If so, each actor, if negligent, will be subject to liability for the harm that evolves.[3] The same is said to be true when several causes operate to bring about a single result.[4] But the causal *nexus* between an act of negligence and the resulting injury will be deemed broken with the intervention of a new, independent and efficient cause which was neither anticipa-

ted nor reasonably foreseeable. An intervening causal factor of this character and magnitude is called the "supervening cause". To qualify as a true supervening cause that cuts off possible liability for the original negligence, a cause must meet at least three requirements: (1) it must be independent of the original act (2) it must be adequate of itself to bring about the result and (3) it must not have been a reasonably foreseeable event.[5]

Unless the intervening cause meets these characteristics, the chain of causation, extending from the original act to the injury, is not broken.[6] When the causal factor qualifies as "supervening", the original negligence may be said to undergo a legal "transmutation" into a "remote cause" or "mere condition".[7]

■ Motorist's lapse into unconsciousness and the ensuing loss of his car's control—all of which set the vehicle on a "wild", "runaway" course that carried it over the wheel curb, through the wall of the rooftop parking facility and finally down to its resting place in the street—was so unusual and extraordinary an event as to merit recognition as unforeseeable in law.[8] The independent,

2. *Brodsky v. Atchison, Topeka & Santa Fe Railway Co.*, Okl., 368 P.2d 852, 854 [1962].

3. *Champlin Oil & Refining Co. v. Roever*, Okl., 477 P.2d 662, 665–666 [1970]; *City of Okmulgee v. Hemphill*, 183 Okl. 450, 83 P.2d 189, 191 [1938]; *Meyer v. Moore*, Okl., 329 P.2d 676, 681 [1958].

4. *City of Okmulgee v. Hemphill*, supra note 3; *Green v. Sellers*, Okl., 413 P.2d 522, 528 [1966].

5. *Reynolds, Proximate Cause–What if the Scales Fell in Oklahoma?*, 28 Okl.L.Rev. 722, 730 (1975) in which the author paraphrases definitional text from *Champlin Oil & Refining Co. v. Roever*, supra note 3; *City of Altus v. Wise*, 193 Okl. 288, 143 P.2d 128, 131 [1943].

6. *Long v. Ponca City Hospital, Inc.*, 593 P.2d 1081, 1087 [1979]. While the "cause–versus condition" test employed in *Long* has been criticized as a faulty analytical tool, the vice said to inhere in that genre of analysis is absent from our approach here. The factors which militate in favor of the conclusion we reach here, and the process of reasoning in evaluating them, are clearly identified. *See Annual Sur-*

*vey of Oklahoma Law, Torts: Negligence*, 5 OCU L.Rev. 360 [1980]. See also, *Runyon v. Reid*, Okl., 510 P.2d 943, 948 [1973] and *Schatz v. 7 Eleven, Inc.*, 128 So.2d 901, 903 [Fla.App. 1961]. In the case last cited the court said that for the consequence of a negligent act to be foreseeable it "must be such that a person by prudent human foresight can anticipate will likely result from the act, because it happens so frequently from the commission of such an act that in the field of human experience it may be expected to happen again."

7. *Long v. Ponca City Hospital, Inc.*, supra note 6; *Brodsky v. Atchison, Topeka & Santa Fe Railway Co.*, supra note 2.

8. No case with facts identical or even similar to that at bar has found its way into this state's decisional law. We have examined numerous opinions from other jurisdictions with facts resembling those before us. Those cases supporting Owner's position are: *Krispy Kreme Doughnut Co. v. Cornett*, 312 So.2d 771 [Fla. App.1975]; *Schatz v. 7–Eleven, Inc.*, supra note 6; *Mack v. McGrath*, 276 Minn. 419, 150 N.W.2d 681 [1967]; *Watkins v. Davis*, 308

intervening act–set in motion by Motorist–was so overpowering as to produce a break in the chain of causes that led to the harmful event. That act is hence to be regarded as supervening in that it operates to insulate all prior causative factors.

Summary judgment–as a means of awarding victory to one party as a matter of law–is a device most properly to be used when the undisputed material facts raise only one inference.[9]

The undisputed facts at the critical moment in issue are: (1) the Motorist's lapse of consciousness, (2) the car, though driver-occupied, remained beyond anyone's control and was left totally unguided, and (3) the car was being propelled by a sudden surge of forward thrust sufficient to produce nine feet of acceleration marks. We find nothing in the record to indicate the presence of any fact issue to be tried. The summary disposition was hence proper.[10]

## II

■ Motorist's suggestion that the enactment of comparative negligence in Oklahoma makes invalid the cause–versus–condition distinction or other tests of proximate causation is unpersuasive for two reasons. First, on more than one occasion since the Act's [11] passage we have followed that test.[12] Second, the concept of comparative negligence affects not causation inquiries, but breach–of–duty inquiries, issues of assumption of risk and contributory negligence.[13]

■ Finally, Motorist's argument that his situation falls within a "special circumstances" exception to the cause–versus–condition doctrine is without merit. The special–circumstances approach relaxes the common law rule against liability for the

---

S.W.2d 906 [Tex.Civ.App.1958]; *Nicholson v. MGM Corporation*, 555 P.2d 39 [Alaska 1976]; *Briglia v. City of St. Paul*, 134 Minn. 97, 158 N.W. 794 [1916]; *Roberts v. Town of Eaton*, 238 N.Y. 420, 144 N.E. 667 [1924]. *Contra: Marquardt v. Orlowski*, 18 Ill.App.2d 135, 151 N.E.2d 109 [1958]; *Barker v. Wah Low*, 19 Cal.App.3d 710, 97 Cal.Rptr. 85 [1971]; *Johnson v. Hatoum*, 239 So.2d 22 [Fla.App.1970]; *Thompson v. Ward Enterprises*, 341 So.2d 837 [Fla.App.1977]. In *Schatz v. 7–Eleven, Inc.*, supra note 6, 128 So.2d at 904, the court–in determining that an uncontrollable car is not a foreseeable event which imposes a duty on store owner to its invitee–stated:

"We are not unmindful of the obvious fact that at times operators lose control over the forward progress and direction of their vehicles either through negligence or as a result of defective mechanisms, which sometimes results in damage or injury to others. In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation. If as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter. Such occurrences fall within the category of the unusual or extraordinary, and are therefore unforeseeable in contemplation of the law."

9. Rule 13, Rules for the District Courts, 12 O.S.Supp.1979, Ch. 2, App.; *Munley v. ISC Financial House, Inc.*, Okl., 584 P.2d 1336, 1338 [1978]; *Flick v. Crouch*, Okl., 434 P.2d 256, 262 [1967]; Fraser, Summary Judgment Where Facts Are Not Controverted, 51 OBJ 1611 [1980].

10. *Gilmore v. St. Anthony Hospital*, Okl., 598 P.2d 1200, 1205 [1979]; *Runyon v. Reid*, supra note 6, 510 P.2d at 946 [1973]. Motorist's contention that the proximate cause issue cannot be decided by summary judgment is without merit for "when the facts are not in dispute ... proximate cause is a question for the court." *Pepsi-Cola Bottling Co. of Tulsa, Okl. v. Von Brady*, Okl., 386 P.2d 993, 996 [1964].

11. Okl.Sess.L.1973, c. 30 § 2 (23 O.S.Supp.1973 § 12).

12. *Coker v. Southwestern Bell Telephone Co.*, Okl., 580 P.2d 151, 154 [1978]; *Merchants Delivery Service, Inc. v. Joe Esco Tire Co.*, Okl., 533 P.2d 601, 604 [1975]; *Long v. Ponca City Hospital, Inc.*, supra note 6, 593 P.2d at 1085; *Felty v. City of Lawton*, Okl., 578 P.2d 757, 760 [1978].

13. 23 O.S.Supp.1979 §§ 12, 14; *Kirkland v. General Motors Corporation*, Okl., 521 P.2d 1353, 1367 [1974].

wilful act of a third party.[14] At common law a person is not generally deemed liable for a third party's deliberate act. This is because no liability arises for the wilful act of a person who is not an agent on a mission of his master. Here, liability is not sought to be imposed on the theory of Owner's or architects' wilful act. It does not hence fall within the special–circumstances rule.

In view of our disposition of this appeal, we need not deal with Motorist's strict liability claims. The element of proximate cause–essential to recovery–is lacking here. Though strict liability does eliminate negligence as a basis for recovery,[15] it does not dispense with the requirement of proximate cause.[16]

AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES, and DOOLIN, JJ., concur.

WILLIAMS and SIMMS, JJ., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent. Although there exists legitimate criticism [1] on the subject of "cause v. condition", I recognize that it is still a viable analysis of proximate cause in Oklahoma. I believe it is misapplied in this action for defective design of an architect.

Such liability by an architect has been recognized in other jurisdictions.[2] By here relying upon our confusing, although traditional, examination, we may be unintentionally eliminating a whole area of design defect litigation on the eve of its birth, particularly as to safety devices. There are many safety devices in our modern world which have been created to protect us, at least partially, from injury in situations where negligence–either our own or another's–may be reasonably anticipated. Many of us rely on these devices. The most obvious example is the automobile seat belt. Seat belts are provided–by law–in automobiles because it is believed by those who should know about such things, that wearing a seat belt greatly reduces the risk of serious injury in certain types of accidents. Most automobile accidents occur by reason of the negligence of one or more drivers. If a driver faithfully buckles up, is involved in an accident and is severely injured because his seat belt fails due to defective design, is there liability for that defect? Examination of the legal issues and determination of the policies are not helped by reliance on a "cause v. condition" approach.

Additionally, while the majority purportedly rejects the issue of duty as the determining factor here, the opinion appears to me to conclude, not that the curb and wall were not the proximate cause, but that owners (and architect) had no duty to build an impregnable wall around the parking area which would be sufficiently strong to stop plaintiff's car which was traveling at an obviously high rate of speed.

It has been observed that because foreseeability comprises an element to be considered in determining the existence of duty as well as a factor to be weighed in evaluating proximate cause, the two are often con-

---

14. Restatement of Torts 2d § 448 [1965], comment b; *Felty v. City of Lawton,* supra note 12; *Hergenrether v. East,* 61 Cal.2d 440, 39 Cal. Rptr. 4, 393 P.2d 164 [1964]; *Tarasoff v. Regents of the University of California,* 13 Cal.3d 177, 118 Cal.Rptr. 129, 529 P.2d 553 [1974].

15. *Kirkland v. General Motors Corporation,* supra note 13, 521 P.2d at 1365.

16. *Kirkland v. General Motors Corporation,* supra note 13, 521 P.2d at 1366.

1. Reynolds, Proximate Cause ·What if the Scales Fell in Oklahoma? 28 Okl.L.Rev. 722 (1975); W. Prosser, Prosser on Torts, 247–248 (4th Ed.).

2. See, e. g., Annot., Architect's Liability for Defective Design, 97 A.L.R.3d 455; Liability of Design Professionals–The Necessity of Fault, 58 Iowa L.Rev. 1221 (1973); Architect Tort Liability in Preparation of Plans and Specifications, 55 Calif.L.Rev. 1361 (1969); Annot., Products Liability--Defective Design, 96 LLR 3d 22.

fused.[3] I believe that has happened here. It should be observed that the *Schatz* decision upon which the majority primarily relies, holds that a store owner has no duty to foresee that a car will run into the store and injure a customer and therefore had no duty to erect barriers to keep cars out.

While the majority speaks in terms of "proximate cause", the true issue decided is whether or not there was a duty which was allegedly breached.

I am authorized to state that Justice Williams joins me in this dissent.

---

**3.** See, e. g., Reynolds, supra, n.1 at 724 and Prosser, supra, n.1. at 236, 244–246, 250, 267, 282·285.