Linda Jean JOYCE, Individually, and as Administratrix of the Estate of Alvin T. Wickware, Deceased, Mary Wickware, Individually and as Mother and Next Friend of Roger Dean Wickware, a Male Child Under the Age of Eighteen Years, and Rhonda Sue Wickware, a Female Child Under the Age of Eighteen Years, Larry A. Wickware, Barbara Wickware Barnes, Sherry Ann Wickware Followill and Tammy Jane Wickware, Appellants,

v.

M & M GAS COMPANY, an Oklahoma General Partnership, Pat Mahoney and the Aetna Casualty and Surety Company, a Connecticut Corporation, Appellees.

No. 59312.

Supreme Court of Oklahoma.

Nov. 29, 1983.

James M. Levine, Levine & Associates, P.C., Oklahoma City, for appellants.

Suzanne E. Broadbent, John E. Wheatley, Yukon, for appellees.

Hugh A. Baysinger, Stephanie J. Croy, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, amicus curiae for Oklahoma Association of Defense Counsel.

Larry Tawwater, Thomas A. Wallace, Oklahoma City, amicus curiae for Oklahoma Trial Lawyers Association.

OPINION

WILSON, Justice.

On December 19, 1981, Pat Mahoney left the ignition key inside a truck belonging to his employer, M & M Gas Company. That evening the truck was stolen from Mahoney's residence in Geary, Oklahoma, and driven to Oklahoma City where it was driven through a red light and collided with a vehicle driven by Alvin T. Wickware. Mr. Wickware died instantly, while his teenage son, Roger Dean Wickware, received serious and permanent injuries.

Appellants-Plaintiffs brought this action against M & M Gas Company and its agent, Pat Mahoney, on the basis of the alleged negligence of Pat Mahoney in leaving the keys inside the truck, thereby permitting it to be stolen. The District Court sustained appellees' demurrer to appellants' petition on the ground that Mahoney's action was

not the proximate cause of the injuries sustained by Alvin and Roger Dean Wickware. Upon dismissal of the action, appellants appeal and present as the sole issue the question of whether leaving the ignition key inside the truck was an act of negligence which would constitute the proximate cause of the appellants' injuries. We hold that it does not.

We have held in two previous cases that a driver incurs no liability when he leaves his keys in an unattended vehicle which is subsequently stolen and negligently driven. In *Merchants Delivery Service, Inc. v. Joe Esco Tire Co.*, 533 P.2d 601 (Okl.1975), we held that a defendant who left his automobile unattended with keys in the ignition and motor running, merely furnished a condition by which injury was possible and was therefore not liable when the vehicle was stolen and driven into a building. There we stated the rule that the proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury. *Supra*, 533 P.2d at 604. Likewise, in *Felty v. City of Lawton*, 578 P.2d 757 (Okl.1978), we held that the conduct of a police officer in leaving his patrol car unattended on a public street, with keys in the ignition and motor running, merely created a condition and was not the proximate cause of the death of a third person caused by the negligence of the person who stole the police car. Both these cases involved a violation of 47 O.S. 1981, § 11–1101, which prohibits a driver

from leaving a vehicle unattended with the motor running. We found that even if the statutory violation constituted negligence, such action merely created a condition and not a cause.[1]

In *Felty, supra,* we discussed the concept of duty and found that no special circumstances existed which would give rise to a special duty to prevent the acts of third persons.[2] The present case presents an even clearer situation where no special circumstances are alleged to have existed. Mr. Mahoney did not leave his truck unattended with the motor running in a public street but rather merely left the keys in his employer's truck. While he may have been negligent in relation to his employer's proprietary interest in the truck, his failure to remove the keys did not constitute a negligent omission or breach of duty owed to plaintiffs. The defendant owed no duty to the general public to protect its members from the risk of the negligent driving of the thief in the circumstances of this case.

The Restatement of Torts, Second, adopts a similar position. Section 302B states that an act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal. Comment (d) states that normally the actor has much less reason to anticipate intentional misconduct than he has to anticipate negligence, particularly where the intentional conduct is a crime, since under ordinary circumstances it may reasonably be assumed that no one will violate the criminal law.[3] However, there are situations in

---

1. The cause/condition analysis has been criticized as a faulty analytical tool. See W. Prosser, Prosser on Torts, 247–248 (4th ed.); Reynolds, Proximate Cause: What if the Scales Fell in Oklahoma? 28 Okl.L.Rev. 722, 735–741; *Minor v. Zidell Trust*, 618 P.2d 392 (Okl.1980), note 6, p. 394, and dissent, p. 396.

2. Special circumstances in which the negligent operation of the vehicle may be foreseeable include leaving the vehicle in a neighborhood heavily populated by drunks or in front of a

school were it may be stolen by children. *Felty v. City of Lawton, supra.*

3. Illustration 2 of § 302B gives the following example:

"A leaves his automobile unlocked, with the key in the ignition switch, while he steps into a drugstore to buy a pack of cigarettes. The time is noon, the neighborhood peaceable and respectable, and no suspicious persons are about. B, a thief, steals the car while A is in the drugstore, and in his haste to get

which a reasonable man is required to anticipate and guard against intentional, even criminal misconduct. These situations arise where the actor is under a special responsibility toward the one who suffers the harm or where the actor's own affirmative act has created or exposed the other to a recognizable high degree of risk of harm through such misconduct, which a reasonable man would take into account.[4]

Appellants argue that there is sufficient empirical data on the theft rate of vehicles and subsequent negligent driving of thieves to make such occurrences foreseeable when one leaves his keys in an unattended vehicle. Appellants cite the following statistics: Between 1960 and 1967, auto thefts increased more than 60%; in 42% of these thefts, the keys had been left in the ignition or the ignitions were unlocked; and, the auto crash rate for stolen vehicles is 200 times the rate of all other cars.[5] We question whether these statistics make subsequent harm foreseeable when one leaves his keys in an unattended vehicle. Even if we accept this data as indicating that leaving keys in an unattended vehicle increases the risk of harm to others, it does not follow that the reasonably prudent man is privy to this information. The reasonable man is required to know only matters of common knowledge at the time and in the community.[6] We cannot say that these statistics are known by the ordinary citizen of reasonable prudence. We must also question whether national crime statistics are relevant to an individual in a specific locale.

We find that when Pat Mahoney allegedly left the keys inside the truck he created no unreasonable risk to harm to those who may be injured by the negligent driving of a thief. The tragic events which followed were not a danger reasonably to be anticipated and guarded against under the circumstance in this case. We therefore hold that the petition did not state a cause of action against the appellees, for the actions alleged were not the proximate cause of the damages alleged, and no special circumstances were plead which would give rise to a special duty to prevent the actions of third persons. The order of the District Court sustaining the demurrer to the petition for failure to state a cause of action is affirmed.

BARNES, C.J., SIMMS, V.C.J., and IRWIN, HODGES, LAVENDER, DOOLIN and HARGRAVE, JJ., concur.

OPALA, J., dissents.

OPALA, Justice, dissenting:

Although I am in full accord with the views expressed by the court on reaching the merits of this case, I must recede from its pronouncement *because this appeal is dismissible.* It is sought to be prosecuted from trial court's October 22, 1982 order that *sustained* a demurrer to plaintiffs' [appellants'] petition and *gave them 10 days to amend.*

After this court has ordered them to show cause why this appeal should not be dismissed because it is brought from a non-appealable disposition[1], appellants supplied for the record two memorials procured by them after commencement of the appeal: (1) a journal entry of May 26, 1983 reciting that judgment in this case was rendered on *that day* and (2) another journal entry of later date, filed here June 16, 1983, which attempts to correct the first memorial by making the judgment "retroactive to October 22, 1982".

While flaws in court records may be cured, any changed memorial must show that it supplies a correction of some past

away drives it in a negligent manner and injures C. A is not negligent toward C."

4. See Restatement, Torts, Second, § 302B, Comment (e).

5. United States, Dept. of Justice. The National Auto Theft Prevention Campaign Materials, 1, 7 (1967).

6. Restatement of Torts, Second, § 290.

1. *Merchants Delivery Service v. Joe Esco Tire Co.,* Okl., 497 P.2d 766 [1972].

action found to have been inaccurately or wrongly recorded. Judgments may not be rendered retroactively and nunc pro tunc corrections may not operate to alter or modify a past decision that is correctly memorialized.[2]

There is hence no record here of *any* October 22, 1982 disposition that terminates the action in the trial court.

I would dismiss the appeal for want of an appealable order.

**2.** *Cartwright v. Atlas Chemical Industries, Inc.,* Okl., 623 P.2d 606, 610 [1981]; *Stevens Expert* *Cleaners & Dyers v. Stevens,* Okl., 267 P.2d 998, 1001 [1954].