2013 OK CIV APP 99

**Nicola TUCKER, Plaintiff/Appellant,**

v.

**Delois LAM and Oklahoma Physicians Group, L.L.C., Defendants/Appellees.**

**No. 111006.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 23, 2013.

John A. Colfax, Mark S. Stanley, Carpenter, Stanley & Myers, Tulsa, Oklahoma, for Plaintiff/Appellant.

Kelly C. Comarda, Terry Todd, Leslie Weeks, Rodolf & Todd, Tulsa, Oklahoma, and Andrea L. Medley, Schroeder & Associates, Tulsa, Oklahoma, for Defendants/Appellees.

BRIAN JACK GOREE, Judge.

¶ 1 Nicola Tucker was injured in an auto accident in a parking lot. Delois Lam was driving the other vehicle. Both women had just visited Oklahoma Physician's Group, LLC (Clinic). Tucker sued Lam and Clinic for negligence. Tucker alleges she was an invitee and Clinic was negligent because its employees treated Lam and then placed her in her car knowing she was incapable of driving. The trial court granted Clinic's motion for summary judgment. The order is affirmed because Clinic did not owe a legal duty to Tucker.

¶ 2 Lam went to a doctor appointment at Clinic to obtain a prescription to refill her pain medication. She was 72 years old and had undergone seven back surgeries. The nurse went to get Lam in the waiting room and accompanied her down the hall to the examination room. The nurse observed a couple of instances where Lam's gait was unstable. She asked Lam whether she wanted a wheelchair and Lam declined. After a brief conversation, the nurse told Lam she didn't want her to fall and she would take her out in a wheelchair after the exam if she was not busy. The nurse noted the chart, "stumbling around × 2 days ... almost fell × 2 since being here today." She gave this information to the doctor.

¶ 3 Lam's physician, Dr. Fell, was an employee of Clinic. Lam told him she nearly fell twice in the office due to stress she was experiencing because her daughter had cancer. He attributed the nurse's chart note about stumbling for two days as "less than normal gait" due to "just feeling weaker or her back being more irritated or whatever reason." Dr. Fell testified his examination of Lam did not reveal anything significant. He did not administer any medication to Lam but only gave her a written prescription. He further testified, "Based on my exam seeing her in the office, she did not have any evidence of impairment. She was alert to norm, she had a conversation with me and I did not appreciate anything that warranted concern about her ability to drive a vehicle."

¶ 4 After the examination, the nurse wheeled Lam to her car in the parking lot.[1] Lam entered her vehicle, closed the door, and the nurse began returning to the office. Tucker had also been to Clinic that morning to see a different physician and to receive a flu vaccination. While leaving Clinic, Tucker saw Lam back into Tucker's car. Lam admits she struck Tucker's vehicle.[2]

¶ 5 Clinic filed a motion for summary judgment on grounds it did not owe a legal duty to Tucker.[3] Tucker argued Clinic owed her a duty as an invitee upon its premises or under general negligence because her harm was foreseeable given its knowledge of Lam's inability to walk without assistance. The trial court granted Clinic's motion and ordered there is no just reason for delay in filing a final order pursuant to 12 O.S. § 994.

■■■ ¶ 6 Tucker first argues summary judgment was erroneous because Clinic's motion did not assert facts which, even if undisputed, would support summary judgment. A summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. 12 O.S.2011 § 2056(C). The movant may prevail if it establishes there is no genuine issue of material fact as to at least one essential component of the plaintiff's theory of recovery. *Akin v. Missouri Pacific Railroad Co.*, 1998 OK 102, ¶ 9, 977 P.2d 1040, 1044. If the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law. *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 12, 160 P.3d 959, 964.

¶ 7 In its motion, Clinic references Dr. Fell's testimony and claims it is an undisputed material fact that Lam's medical examination warranted no concern about her ability to drive a vehicle. Tucker responded, "Denied as phrased" and did not attach any material in opposition. The testimony of Clinic's physician supports its argument that it was not foreseeable that Lam would be involved in an automobile accident.

■■■ ¶ 8 All material facts set forth in the statement of the moving party which are supported by admissible evidence are deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the adverse party which is supported by admissible evidence. *Oklahoma Dept. of Securities v. Wilcox*, 2011 OK 82, ¶ 18, 267 P.3d 106, 110. Clinic met its burden of submitting material evidence regarding the absence of a legal duty.

■■■ ¶ 9 Tucker next claims Clinic owed her a duty by virtue of her status as an invitee under principles of common law premises liability. Tucker presented evidence she visited Clinic for the purpose of receiving a flu vaccination. She argues Clinic's employees ". . . place[d] a woman behind the wheel of a dangerous instrumentality within their parking lot." Even if we were to assume Tucker was an invitee and Clinic created a dangerous condition, those findings would not automatically establish Clinic owed her a duty. "Just because the defendant has created a risk which harmed the plaintiff . . . does not mean that, in the absence of some duty to the plaintiff, the defendant will be held liable." *J.S. v. Harris*, 2009 OK CIV APP 92, ¶ 9, 227 P.3d 1089, 1092 (cert.denied), quoting *Nicholson v. Tacker*, 1973 OK

---

1. In their briefs, the parties describe the parking lot as "Elliot Medical Plaza." It is labeled, "Hillcrest Medical Group Parking" on the police report diagram. The evidentiary materials do not establish ownership or possession of the parking lot.

2. Tucker alleges Lam "failed to control her vehicle and drove her vehicle into the Plaintiff's body." Clinic's characterization of Tucker's claim is that "Lam accidentally bumped her with her bumper when she was trying to park, injuring Plaintiff when she placed her hands out in front of her to keep the car from hitting her."

None of the materials attached to the briefs describe an impact between Lam's vehicle and Tucker's body.

3. Clinic also argued Tucker's claim was for medical negligence and was insufficient because (1) there was no physician-patient relationship between Tucker and Dr. Fell or the nurse and (2) Tucker presented no expert testimony establishing Dr. Fell's conduct either breached the standard of care or directly caused her injury. Tucker responded she is claiming "ordinary negligence" not medical negligence.

75, ¶ 11, 512 P.2d 156, 158. Consequently, our analysis of the *existence* of a duty in this case is the same regardless of whether it arises from relational duties of common law premises liability or broader principles of general negligence.[4] Thus, whether Tucker would qualify as an invitee is not determinative of the existence of duty.

¶ 10 The threshold question in any suit based on negligence is whether defendant had a duty to the particular plaintiff alleged to have been harmed. *Rose v. Sapulpa Rural Water Co.*, 1981 OK 85, ¶ 17, 631 P.2d 752, 756. Whether the defendant owed the plaintiff a duty of care is a question of law for the court. *Lowery*, ¶ 12, 160 P.3d at 964. The existence of a duty depends on the relationship between the parties and the risks involved. *Wofford v. Eastern State Hospital*, 1990 OK 77, ¶ 10, 795 P.2d 516, 519. "Defendant owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks which made the conduct unreasonably dangerous." *Id.* at 519, citing *Tarasoff v. Regents of Univ. of California*, 17 Cal.3d 425, 131 Cal.Rptr. 14, 22, 551 P.2d 334, 342 (1976).

¶ 11 Oklahoma recognizes that "a person may have a duty to the injured party where a special relationship exists between that person and the third person either because that person has special knowledge about the third person and control over that third person; or that person has control over some matter relative to that third person; or because of special circumstances that reasonably give notice to that person relative to a third person." *J.S. v. Harris*, ¶ 16, 227 P.3d at 1094. In this case, there is no evidence Clinic had *control* over Lam. Therefore, the proper inquiry is whether special circumstances existed that reasonably gave Clinic notice that Tucker would be harmed from Lam's operation of her vehicle. We review *de novo* all inferences and conclusions to be drawn from the evidentiary materials in the light most favorable to Tucker as the non-

moving party. *Cowley v. Seymour Law Firm*, 2012 OK 6, ¶ 6, 292 P.3d 7, 9.

¶ 12 In *Wofford*, 1990 OK 77, 795 P.2d 516, summary judgment was granted in favor of a mental institution alleged to be liable for release of a patient who later killed his stepfather. The court held a psychiatrist has a duty to exercise reasonable professional care in the discharge of a mental patient. However, no duty existed as a matter of law because the incident occurred more than two years after the patient's release and there was no evidence the hospital knew or should have known of the patient's violent propensities at the time he was released.

¶ 13 In *Felty v. City of Lawton*, 1977 OK 109, 578 P.2d 757, a police officer left his police cruiser unattended with the keys in the ignition and the engine running. A thief drove the car away in an reckless manner, striking and killing plaintiff's daughter. The court found there were no "special circumstances" that would impose an additional duty on the part of the defendant to prevent the actions of third persons. *Felty*, ¶ 19, 578 P.2d at 762.

¶ 14 In *J.S. v. Harris*, 2009 OK CIV APP 92, ¶ 9, 227 P.3d 1089, 1092 (cert.denied), a homeowner was sued for negligence after her adult grandson sexually assaulted a minor on the premises. The Court of Civil Appeals found there was no special relationship between the homeowner and her grandson such that a duty was imposed upon her to control his actions. *J.S. v. Harris*, ¶ 21, 227 P.3d at 1096. Although the grandson was living in her home, she had no knowledge he had the propensity to be a child molester and could not reasonably foresee he would harm the victim. *Id.*

¶ 15 Tucker argues Clinic knew Lam could not walk on her own and had to be taken to her car in a wheelchair. She contends it was foreseeable that placing a woman unsteady on her feet behind the wheel of an automobile could result in the injury of another person on the premises. According to Tucker, "It is only common sense that a person

---

4. "Land possessor's liability in negligence for harm occurring on the premises varies with the status of the entrant complaining of the injury." *Sutherland v. Saint Francis Hospital, Inc.*, 1979

OK 18, ¶ 5, 595 P.2d 780, 781. These relational, status-based duties are more restrictive than those under principles of general negligence. *Id.*

who cannot walk, cannot drive." We do not agree with this premise.

¶ 16 The fact that Lam had been unsteady on her feet did not reasonably give Clinic notice that Lam would cause an automobile accident. The nurse's undertaking to assist Lam to the parking lot in a wheelchair was to prevent Lam from falling and injuring herself. Many individuals in our society are perfectly capable of safely operating an automobile despite physical challenges that make it difficult for them to walk. Our state issues special parking permits in recognition of that fact.

¶ 17 We conclude the record is devoid of facts or inferences indicating special circumstances such as would give Clinic a special duty to protect Tucker from the harm allegedly caused by Lam. The trial court's grant of summary judgment to Clinic on Tucker's claim of negligence is AFFIRMED.

HETHERINGTON, P.J., and MITCHELL, J., concur.