HOWARD v. REINHART & DONOVAN CO.

No. 32018. Jan. 8, 1946.

Rehearing Denied Feb. 26, 1946.

*166 P. 2d 101.*

Harry Seaton, Crouch, Rhodes & Crowe, and Philip N. Landa, all of Tulsa, for plaintiff in error.

Twyford, Smith & Crowe, of Oklahoma City, and Wm. S. Hamilton, of Pawhuska, for defendant in error.

CORN, J. This is an appeal from the district court of Osage county, wherein the plaintiff, Howard, sued the defendant, the Reinhart & Donovan Company, for damages for personal injuries sustained in connection with his work as an employee of the Verdigris Valley Electric Co-Operative, Inc. The defendant interposed a demurrer to plaintiff's petition, which was by the court sustained. Plaintiff refused to amend or plead further, and the action was dismissed. Plaintiff appeals.

It appears from the allegations of the petition that the defendant contracted to build certain electric lines in Osage county for the Verdigris Valley Electric Co-Operative, Inc., which company was engaged in distributing electricity in Osage and other counties in the northeastern part of the state. The petition further disclosed: that Reinhart & Donovan Company were independent contractors to construct the work; that the work was completed and turned over to the owner, Verdigris Valley Electric Co-Operative, Inc., and that the work was accepted by it and under its complete control long before the accident. The plaintiff was employed by and under the control of the Verdigris Valley Company at the time he received the injuries. That the line was completed on October 1, 1941, and that it had been accepted and taken over by the owner, Verdigris Valley Corporation; that the accident happened October 20, 1941, while the line was under the complete control of the owner; that the owner, Verdigris Valley Corporation, furnished the electricity to use in the line and energize the line. That the defendant, contractor, had nothing to do with energizing the line, or any control over the line after October 1, 1941.

It is alleged that the defendant was obligated under its contract with the Verdigris Valley Electric Co-Operative Company to place a jumper or copper wire across the top of dead ends of the wires across the top of the poles, and that it failed to so place one on the pole in question, and that plaintiff climbed such pole, and in some manner came in contact with a high voltage line and sustained the injury complained of. There are no allegations in the petition showing that the defendant, the Reinhart & Donovan Company, owed any legal duty to plaintiff, or that it violated any legal duty which it owed to the plaintiff.

The demurrer of defendant was on the ground that the petition failed to state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant, and the special demurrer was on the following grounds:

"Because it appears on the face of the petition, by affirmative allegations, that the said defendant, the Reinhart & Donovan Company, had completed the construction work in question and turned the same over to, and it had been accepted by, the owner, Verdigris Valley Electric Co-Operative, Inc., a corporation, and it appears from said petition that said owner was in complete and full charge and control of said electric line from and after the 1st day of October, 1941, and was in full charge and control of the same at the time of the alleged accident on the 20th day of October, 1941, and that the plaintiff, at said time, was an employee of and under complete control of said Verdigris Valley Electric Co-Operative, Inc., and for this reason the petition fails to state a cause of action in favor of the plaintiff and against this specifically demurring defendant."

The sole question to be determined is whether the petition stated facts sufficient to constitute a cause of action against the defendant. The defendant contends that the petition is fatally defective in that it fails to state facts sufficient to show a legal duty on defendant to the plaintiff and a violation thereof resulting in the injuries complained of and that the omission of the jumper is too remote from the happening of the accident to create a liability against the defendant.

We passed directly on this question in the case of Armstrong v. City of Tulsa et al., 102 Okla. 49, 226 P. 560.

It is admitted in the brief of the plaintiff that the holding in this case is correct, but it is claimed that the present case falls within an exception to the general rule. It is claimed that there is an exception to the rule in cases where the product of the completed work is inherently or intrinsically dangerous, and that this case falls within this exception. There are no facts stated in the petition to bring this case within this exception. On the contrary, it appears from the petition that the absence of the jumper was obvious, that it only became dangerous when the proprietor energized the line and the plaintiff placed himself in contact therewith. The authorities cited do not sustain this contention.

Bogoratt v. Pratt & Whitney Aircraft Co. et al., 114 Conn. 126, 157 Atl. 860.

In this case a subcontractor having installed electric wiring, with which the employee of another contractor, a month later, came in contact, it was said that the situation could not reasonably be held to fall within any of the recognized exceptions to the general rule relieving an independent contractor where his work is completed and accepted. The court said:

"Even if the evidence were such as to render the issue of the Livingston Company's negligence a jury question, there would come into conclusive operation the well-established rule that where the work of an independent contractor is completed, turned over to and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract."

There is no causal connection shown between the act of negligence of failing to place the jumper on the pole and the injuries and the same was broken by the intervention of an independent and effectual cause which could not reasonably be forseeable or anticipated. City of Altus v. Wise, 193 Okla. 288, 143 P. 2d 128.

The judgment is affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur.