Eva SCHLENDER, Plaintiff in Error,

v.

ANDY JANSEN COMPANY, a Corporation; Tulsa Rig, Reel & Manufacturing Company, a Corporation; McMichael Concrete Company, a Corporation; and Sunflower Corporation, a Corporation, Defendants in Error.

No. 39198.

Supreme Court of Oklahoma.

June 19, 1962.

Rehearing Denied April 16, 1963.

Ben L. Murdock and Floyd L. Walker, Tulsa, for plaintiff in error.

Hudson, Hudson, Wheaton & Kyle, Robert D. Hudson, Tulsa, for defendant in error, Andy Jansen Co.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph A. Sharp, Thomas L. Palmer, O. H. "Pat" O'Neal, Tulsa, for defendant in error, Tulsa Rig, Reel & Mfg. Co.

Houston, Klein & Davidson, Lee Grigg & Edmund Lashley, Tulsa, for defendant in error, McMichael Concrete Co.

Sanders & McElroy, Tulsa, for defendant in error, Sunflower Corp.

DAVISON, Justice.

This is an appeal by Eva V. Schlender from an order of the trial court sustaining the separate demurrers of the defendants in error to her second amended petition and dismissing her action. Plaintiff's action sought to recover damages for personal injuries resulting when a restaurant stool, upon which she was seating herself, pulled loose from the floor and turned over, causing plaintiff to be thrown to the floor.

Plaintiff's second amended petition alleges the action is against Sol Shore (who is not a party to this appeal,) as owner and operator of a restaurant business in the Shell Building; Sunflower Corporation as owner of the Shell Building; Tulsa Rig, Reel & Manufacturing Company, the contractor that constructed the Shell Building; Andy Jansen Company, the subcontractor furnishing and installing the restaurant fixtures; and McMichael Concrete Company, the subcontractor that furnished the concrete used in the construction of the Shell Building.

Plaintiff alleges in substance that Shore owns and operates a restaurant business in a portion of the ground floor of the Shell Building under a lease from the owner Sunflower Corporation; that Sunflower contracted the defendant Tulsa Rig as general contractor and that Tulsa Rig did build the Shell Building prior and during 1957; that Tulsa Rig subcontracted with the defendant Jansen to furnish and install certain fixtures and equipment in the premises which were, on the 17th day of June, 1957, occupied by the defendant Shore; that prior to June 17, 1957, the defendant Jansen did furnish and install, together with other fixtures and equipment, a certain seat or stool adjacent to a certain counter, which counter was to be, and

was, used for a place upon which to serve foods and beverages to the customers of defendant Shore; that Jansen nad Tulsa Rig at all times knew that the said seat or stool would be used by the customers of Shore as a place to sit while being served foods and beverages at and upon the said counter; that said seat or stool was not securely anchored into the floor by the defendant Jansen, and the concrete in which the bolt was placed for anchoring the stool was defective and was improperly mixed, set and cured; that the stool constituted a hidden and latent defect because the said stool was installed in such a manner that it was not securely attached to the floor and would fall over when someone attempted to use it and said condition was not visible or noticeable to the person intending to use the said stool; that the defendant Shore and defendant Sunflower owed her the duty to keep the premises in a reasonably safe condition, free and clear of any hidden or latent defects, and owed her the further duty of warning her of any hidden or latent defects which did exist, and that they were negligent in that they maintained these premises wherein a hidden and latent defect existed; that Jansen owed plaintiff the duty to use ordinary and reasonable care in the installation and anchoring of the seat or stool securely to the floor and to test the same to see it was properly and securely anchored to the floor and was negligent in failing to do so; that Tulsa Rig owed plaintiff the duty of using ordinary and reasonable care and to see the premises were constructed in a reasonably safe manner and not present any undue hazard or danger to unsuspecting persons, and prevent creation of any hidden or latent defects and that it was negligent in that it failed to test the stool after installation to determine whether the same was securely anchored and fastened to the floor or to inspect the premises to determine a hidden or latent defect existed; and that defendant McMichael was negligent in that it furnished a concrete mix which was improperly mixed and which was insufficient

and unfit for purposes for which it was used.

. Plaintiff further alleges that on the 17th day of June, 1957, she went to the said premises heretofore described, for the purpose of obtaining food and beverages and became a business invitee of said establishment; that as she seated herself upon the aforementioned stool the same pulled loose from the floor, turned over, and the plaintiff was thrown violently to the floor sustaining serious and permanent injuries for which she sought damages.

We will first determine whether the petition states a cause of action against the general contractor, Tulsa Rig, Reel & Manufacturing Company, and the subcontractor, Andy Jansen Company.

■ This court has recognized the general rule that, after an independent contractor has turned over the work performed by him, and it has been accepted by the proprietor, the contractor incurs no further liability to third parties by reason of the condition of the work; but the responsibility, if any, for maintaining or using it in its defective condition is shifted to the proprietor. The contractor remains liable, if at all, only to the proprietor for breach of his contract. Armstrong v. City of Tulsa, 102 Okl. 49, 226 P. 560, and Howard v. Reinhart & Donovan Co., 196 Okl. 506, 166 P.2d 101. In both of these cases we took notice that there were some exceptions to this proposition, which were not presented by the facts in the cited cases. Plaintiff contends that the facts set forth in her petition are sufficient to bring her action within a recognized exception to the above rule.

■ In Greenwood v. Lyles & Buckner, Inc., Okl., 329 P.2d 1063, we held that there was an exception to the general rule where a contractor wilfully created a condition which he knows to be immediately and certainly dangerous to persons other than the contractor, who will necessarily be exposed to such danger.

In the recent case of Leigh v. Wadsworth, Okl., 361 P.2d 849, we determined the liability of the builder of a house to the tenant of builder's grantee when a back porch roof pulled loose from the house and fell upon the tenant. The defect in the roof or the manner in which it was fastened to the house were latent and neither the defendant builder's successors in title nor the plaintiff had any knowledge of the defects. In our decision we adhered to our statement of law in the Greenwood case, supra, and stated that if the defendant knew or by the exercise of ordinary diligence should have known that the porch as built was "immediately and certainly dangerous" he was guilty of wilful negligence.

■ The question of knowledge and whether the defective condition is immediately and certainly dangerous are matters to be submitted for determination by a jury under proper instructions by the trial court. In this connection it is pointed out that in the Leigh case, supra, we determined that the term "immediately," as there used, related to whether the defect created by the contractor was the immediate and proximate cause of the injury, "immediate and proximate because there is no intervening cause that may have brought about or directly contributed to the injury."

■ The allegations of the petition sufficiently charge Tulsa Rig, as general contractor, and Jansen, as subcontractor, with negligence in creating a condition dangerous to third persons who would necessarily be exposed to such danger. The proof thereof and of the other factors set forth above, sufficient to render these defendants liable, depends on the evidence. Under the allegations of the petition the work was done by Jansen as a subcontractor, however, Tulsa Rig, as the general contractor, had some responsibility and it was its duty to erect and complete the building free of latent dangerous conditions and to see that the particular portion of the work was done right. We see no legal distinction between

the positions of Tulsa Rig and Jansen. The liability of Tulsa Rig, if any, is to be determined pursuant to the principles of law above stated.

It is our opinion that the trial court erred in sustaining the demurrers of Tulsa Rig and Jansen.

We will next determine whether the petition states a cause of action against Mc-Michael Concrete Company.

■ It is alleged that McMichael furnished concrete to Tulsa Rig for its use in the construction of the building and that the concrete was improperly mixed and was insufficient and unfit for the purposes for which it was used. The descriptive terms are general in nature and without specification of details regarding its lack of quality for construction purposes. Under the allegations we conclude the concrete in a semi-liquid state was delivered to Tulsa Rig and was by it used and poured in place, where in time the concrete set to form a part of the building. Plaintiff's injuries did not arise from collapse of the structure. It was only after the alleged acts of Jansen in negligently installing the stool that plaintiff was injured by the stool turning over. Upon consideration of the intervening acts of Tulsa Rig and Jansen we are of the opinion that the petition did not state a cause of action against McMichael. Plaintiff, as to acts or omissions of intervening parties, is in effect three times removed from the alleged negligence of the subcontractor McMichael. As stated in Leigh v. Wadsworth, supra, McMichael's liability, if any, is by reason of a defect which is the immediate and proximate cause of the injury—"immediate and proximate because there is no intervening cause that may have brought about or directly contributed to the injury."

■ In Cheatham v. Van Dalsem, Okl., 350 P.2d 593, we stated:

"In a suit for damages for personal injuries, although the defendants may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury, it is the duty of the trial court to sustain the demurrer and enter judgment for the defendants."

It is our conclusion that the alleged negligence of McMichael was not the immediate and proximate cause of plaintiff's injuries.

There remains for determination the sufficiency of the petition as to the defendant Sunflower Corporation as owner of the building and lessor of the restaurant area and fixtures to Shore. Sunflower Corporation urges in support of the lower court's action in sustaining its demurrer to plaintiff's second amended petition that the landlord is not liable to the tenant for injuries from defects in the condition of the demised premises, and that the invitees of tenants have no greater rights against the landlord than the tenant. Conceding that this is the general rule still it is not without an exception.

■ The demurrer admitted the truth of all facts well pleaded, together with all inferences which may be reasonably drawn therefrom, and the petition is to be liberally construed in favor of the plaintiff. It is our opinion that the allegations of plaintiff are sufficient to bring her last petition within a recognized exception to the above general rule.

In 32 Am.Jur., Landlord and Tenant, Sec. 667, p. 533, it is stated:

"* * * Where there is a lease for a purpose involving use by the public, the rights of business patrons to recover for injuries from defects in the demised premises are not limited to the rights of the tenant. There are a number of decisions which hold that where the property is leased for public or semipublic purposes, and at the time is not safe for the purposes intended, and the owner knew, or by the exercise of reasonable diligence would have known, of such conditions, he is liable

to the patrons of such premises for damages resulting from such conditions, for it is his duty to make such property reasonably safe for the purposes intended, or to discontinue the conditions, as the case may be. * * *"

See also 32 Am.Jur., Sec. 668, p. 535, as follows:

"* * * The view has been taken that where property is leased for some public use the very nature of which operates as an invitation to third persons to enter thereon for the transaction of business in connection with such use, the owner of the premises is liable for personal injuries to any persons to whom the invitation to enter upon the property is extended. * *"

No Oklahoma decisions are called to our attention and we have found none in which we applied these rules to a situation similar to that here presented.

In Tulsa Entertainment Co. v. Greenlees, 85 Okl. 113, 205 P. 179, 22 A.L.R. 602, we applied the rule to a lessor of a baseball park that had defective bleachers that collapsed and injured members of the public while the lessee was using the park for an exhibition game. We also recognized the rule, although not clearly decisive in the decision, in Moores v. Rumsey, 169 Okl. 103, 36 P.2d 15, when we said:

"Where a landlord is liable for defective construction or condition at and before a tenancy, the liability continues throughout the tenancy."

In the present case we consider the plaintiff's allegations and the reasonable inferences therefrom as sufficiently charging Sunflower Corporation with the creation of an unsafe or dangerous condition, which by reasonable diligence, it would have discovered or known of; that it leased the premises containing the alleged unsafe condition to lessee for public restaurant purposes, knowing lessee's invited patrons and customers, as a part of the general public,

would use such premises. Although the decisions are not unanimous still there is respectable and probably majority authority extending liability to a lessor under such circumstances. It appears that the trend of decisions is in that direction. See Annotations in 123 A.L.R. 870, and 130 A.L.R. 1275.

Representative decisions applying or recognizing liability on the part of a lessor to lessee's customer invitees are Walker v. Ellis, 126 Ind.App. 353, 129 N.E.2d 65 (retail store); Hilleary v. Earle Restaurant (U.S.D.C. District of Columbia), 109 F. Supp. 829 (restaurant); Hayes v. Richfield Oil Corp., 38 Cal.2d 375, 240 P.2d 580 (filling station); Hamilton v. Union Oil Company, 216 Or. 354, 339 P.2d 440 (filling station); Burroughs v. Ben's Auto Park, 27 Cal.2d 449, 164 P.2d 897 (parking lot); Staples v. Senders, 164 Or. 244, 96 P.2d 215, 101 P.2d 232 (retail store); and Volz v. Williams, 112 Colo. 592, 152 P.2d 996 (filling station).

We have examined the cases cited by Sunflower Corporation and find that they do not involve the liability of lessor to a business patron or customer invitee of the lessee. The case of Price v. MacThwaite Oil & Gas Co., 177 Okl. 495, 61 P.2d 177, is particularly relied upon by Sunflower Corporation. There the injured party was the husband of the lessee and was injured in connection with connecting a stove preliminary to letting to a sublessee who was about to install a beauty parlor. He was neither a customer invitee of lessee nor an invitee of the landlord.

It is our opinion that the lower court erred in sustaining the demurrer of Sunflower Corporation to plaintiff's second amended petition.

Sunflower Corporation also urges that plaintiff's cause of action is barred by the Statute of Limitations. The basis of this contention is that after demurrer was sustained to the amended petition and time to amend had expired, plaintiff, with leave of court, filed her second amended petition

more than two years after the injury. It is not shown or pointed out, and we are unable to discover, in what way the last petition alleges a new or different cause of action or a substantial change in the claim of the plaintiff.

■ Title 12 O.S. 1951 § 317, allowing amendment of pleadings in order to promote justice, is remedial in purpose and should be liberally construed.

In Metropolitan Life Ins. Co. v. Keith, 187 Okl. 684, 105 P.2d 528, we stated:

"An amended petition which does not allege a new or different cause of action or a substantial change in the claim of the plaintiff relates back to the original petition and operates to suspend the bar of the statute of limitations during the interim." See also Doyle v. Oklahoma Press Pub. Co., 206 Okl. 254, 242 P.2d 155.

■ The action of plaintiff is not barred by the Statute of Limitations.

The judgment and order sustaining the demurrer of McMichael Concrete Company is affirmed.

The judgment and order sustaining the demurrers of Andy Jansen Company, Tulsa Rig, Reel & Manufacturing Company and Sunflower Corporation is reversed, and the cause is remanded for further proceedings as to said defendants.

BLACKBIRD, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., concurs in part but dissents to that part of the opinion which affirms the order sustaining the demurrer of McMichael Concrete Company.

HALLEY, J., dissents.