JACK HEALEY LINEN SERVICE CO., a Corporation, Plaintiff in Error,

v.

Leona TRAVIS, Defendant in Error.

No. 40785

Supreme Court of Oklahoma.

Oct. 10, 1967.

Clayton B. Pierce, Oklahoma City, for plaintiff in error.

John H. Kennedy, Oklahoma City, for defendant in error.

## McINERNEY, Justice.

In this appeal the sole contention presented for reversal is the trial judge's error *in failing to direct a verdict against the* plaintiff who sought damages for bodily injury from a fall sustained on defendant's premises. The basis of defendant's argument is that the evidence viewed in its entirety does not show a violation or neglect of any duty owing to plaintiff.

Plaintiff originally brought her claim for this injury before the State Industrial Court. That tribunal denied her an award based on its finding that the accidental injury for which compensation was sought did not arise out of and in the course of her employment in defendant's laundry plant. The order denying her an award was sustained by this court in Travis v. Oklahoma City Linen Service, Okl., 361 P.2d 182.

The object of the action which resulted in the judgment now under review was to recover damages in tort for defendant's alleged negligence in maintaining its premises. The action was commenced after this court's opinion in Travis had become final. When the present case remained in the pleading stage the trial judge ruled that under the law "the relationship of invitor and invitee existed between the parties and not that of master and servant." Defendant did not except to that trial court's order nor did it specify in the allegations made in the motion for new trial that there was error in that ruling. Moreover, defendant failed to take an exception to an instruction advising the jury that "the plaintiff was an invitee of the defendant in this case." Therefore the status plaintiff occupied at the time of her injury, as determined by the court and submitted to the jury, without objection, was that of an invitee.

■■ The question presented on defendant's motion to direct a verdict is whether, admitting the truth of all the evidence favorable to the plaintiff, together with such inferences as may reasonably be drawn from it, there is enough competent evidence reasonably to sustain a verdict for the plaintiff should the jury find in her favor. Where the evidence is conflicting, all facts and inferences unfavorable to the plaintiff must be disregarded, leaving for consideration that evidence only which is favorable to the plaintiff. If there is any competent evidence tending to show a right to recover under any view of the evidence so considered, the matter should be left for the jury. Towery v. Guffey, Okl., 358 P.2d 812; Price v. Smith, Okl., 373 P.2d 242.

■■ Where the relation of invitor and invitee exists, the law casts on the invitor the duty to exercise reasonable care to

make such parts of the premises as are ordinarily used by invitees reasonably safe for their use. While the duty so imposed does not require the invitor to protect the invitee from dangers which are so apparent and readily observable that one would reasonably expect them to be discovered, it does apply to conditions or instrumentalities which are in the nature of hidden dangers, traps, snares, pitfalls and the like. Henryetta Construction Co. v. Harris, Okl., 408 P.2d 522, 531, 532.

The morning she suffered the injury for which recovery was sought plaintiff was passing through the washroom of defendant's laundry plant. When she reached a point between or near two extractors (machines for pressing water out of the washed material) she encountered a body of standing water two to three inches deep and three or four feet wide. The water had "squirted out" of the top of the extractors and fallen onto the floor. There was always a small amount of such water in this area. It was described as "normally wet." This condition recurred because the drainage system beneath the extractors "catches everything [that comes out of them when they are emptied] except * * * the water that squirts out over the top on the front." In front of each extractor there was a hole about one inch in diameter. These holes, not large enough to drain off the water ejected under pressure through the top of the machines, were not designed as drains but as air vents for drainage troughs located beneath each extractor. Proper drainage of this area would have required two drain holes each four inches in diameter. The water ejected by the extractors, which accumulated in this area, contained starch and soap. This caused the floor surface to become slippery. The plant operator's own testimony characterized this condition as "dangerous."

Plaintiff was injured when she took two or three steps into the body of water and fell to the concrete floor after slipping on it. She had been aware that this area re-mained always damp and at times was covered by standing water. But never before had she encountered there so much water as to be unable to pass without having to walk through it. The morning of her injury the "whole area" was covered by water and she could not "walk around" it. It was not "too light" there and it was not "really dark." She could not see the water until after she had stepped into it. The evidence as a whole fails to disclose that before she proceeded through on the morning of her injury plaintiff could readily perceive that the water was so deep that the soap in it would cover the soles of her shoes.

■ A "hidden danger" within the terms of the rule governing the liability of an owner or occupant of the premises need not be totally or partially obscured from vision or withdrawn from sight. There exists no fixed rule for determining whether or not a defect in the premises is in the nature of a trap. What constitutes a hidden danger depends on the physical condition of the premises and on the peculiar use made thereof by the invitor at the time of invitee's injury. Henryetta Construction Co. v. Harris, supra [p. 531]; Dunagan v. Bledsoe, Okl., 267 P.2d 586, 589.

■ Plaintiff's familiarity with the general physical condition which may be responsible for her injury does not of itself operate to transform the offending defect into an apparent and obvious hazard. Mere knowledge of the danger without full appreciation of the risk involved is not sufficient to bar plaintiff's right of recovery. Just because plaintiff would have anticipated the area in question to be damp, we cannot say she would have perceived, or had the means of readily perceiving, that her passageway was covered by measurable water, soap and starch rising to the level actually encountered. While the general physical condition might be familiar to the actor, a particular risk from the known defect could nevertheless, under the

circumstances of a given occasion, be incapable of appreciation. If, as here, conflicting inferences may be drawn from the facts and circumstances in evidence as to whether the offending hazard did have a "deceptively innocent appearance", or its extent could not be anticipated, neither the trial court nor this court may declare that the peril was obvious and apparent and that recovery is precluded as a matter of law. The question is one for the jury. Dunagan v. Bledsoe, supra [p. 589]; J. J. Newberry Co. v. Lancaster, Okl., 391 P.2d 224; Henryetta Construction Co. v. Harris, supra [408 P.2d p. 524]; J. C. Penney Co. v. Barrientez, Okl., 411 P.2d 841.

This case is distinguishable from Beatty v. Dixon, Okl., 408 P.2d 339. The evidence there failed to show that the defect, known to the plaintiff, may have had a deceptively innocent appearance or that the risk of injury from it had increased because of a sudden or unanticipated change.

One of the disputed issues at the trial was whether the washroom where plaintiff fell was within the scope of her invitation. The evidence on this issue, while conflicting is amply sufficient to support the jury's finding, implicit in their verdict, that the area in question was not beyond the portion of the premises to which plaintiff's invitation extended. Where an invitee had been engligently misled into a reasonable belief that a passageway or door is an appropriate means of ingress or egress, he is entitled to the protection due to his status while using such passageway or door. 65 C.J.S. Negligence § 63(51), p. 756.

The issue of plaintiff's contributory negligence, if any, in walking through the washroom knowing that dampness or water was present at the place where she was injured was another element to be considered by the jury. Our Constitution, Art. 23, § 6, so requires. Want of ordinary care, and not knowledge of the danger, is the test of contributory negligence. Wade v. Reimer, Okl., 359 P.2d 1071, 1073; Henry-

etta Construction Co. v. Harris, supra [408 P.2d p. 531].

The judgment is free from errors of law.

Affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.

HODGES, J., dissents.