Vera Ann SHEFFIELD, Plaintiff,

v.

Rod LINK; Amusement Corporation of America, a/k/a Link Shows "the Greatest Carnival on Earth", an Ohio Corporation; the State Fair of Oklahoma, Inc., an Oklahoma Corporation; the City of Oklahoma City, an Oklahoma Municipal Corporation; and the Oklahoma City Public Property Authority, an Oklahoma Trust, Defendants.

No. CIV-81-356-D.

United States District Court,
W.D. Oklahoma.

Nov. 3, 1981.

Jess Horn, Oklahoma City, Okl., for plaintiff.

Walter M. Powell, Mun. Counselor by Patricia Sellers, Asst. Mun. Counselor, Oklahoma City, Okl., for defendants City of Oklahoma City and Oklahoma City Public Property Trust.

Michael C. Stewart, A.T. Elder, Jr. and Tom Ferguson, Oklahoma City, Okl., for all defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

DAUGHERTY, District Judge.

This is an action by Plaintiff to recover damages for personal injuries sustained from the alleged negligent operation of an amusement ride at the Oklahoma State Fair. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. Defendants Oklahoma City and Oklahoma City Public Property Authority have filed herein a Motion to Dismiss supported by a Brief and a document.[1] Plaintiff has filed a Brief in opposition thereto.

The Court set the matter on proper notice for an evidentiary hearing on Defendants' Motion (for summary judgment) on September 3, 1981. Neither side presented any evidence except for the documents attached

---

1. As Defendants have submitted a document outside the pleadings the instant Motion shall be treated as a Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

**12**

to the parties' Briefs. Oral arguments were had.

Defendants allege that Defendant City of Oklahoma City is the owner of the Fairgrounds where the accident occurred and it leases the Fairgrounds to the Defendant State Fair of Oklahoma, Inc. for a period of 30 days each year; that under said lease agreement Defendant State Fair of Oklahoma, Inc. assumes the exclusive possession, maintenance and operation of the Fairgrounds during that 30-day period. Defendant Oklahoma City Public Property Authority is a public trust created by Oklahoma City to hold the Fairgrounds for Oklahoma City. Defendants further allege that as Plaintiff's Complaint asserts that the injury in question occurred on an amusement ride and was due to the alleged negligence of the operator thereof during the 30-day lease period, Defendants Oklahoma City and Oklahoma City Public Property Authority owed no duty to Plaintiff with reference to her alleged injury.

Under Oklahoma law where property is leased for public purposes and at the time of leasing there is a condition which renders the premises unsafe for the proposed purpose, and the landlord knows of said condition, he may be liable to third parties who are injured by reason of said dangerous condition. *See Weaver v. United States,* 334 F.2d 319 (10th Cir.1964).

Absent a defective condition in the premises leased, the general rule which is recognized in Oklahoma is that the owner of a leased premises is not liable to an injured third party when the lessor has given up the right to control the leased premises. *See Midland Oil Co. v. Thigpen,* 4 F.2d 85 (8th Cir.1925), *cert. denied,* 273 U.S. 658, 47 S.Ct. 343, 71 L.Ed. 826 (1927); *Schlender v. Andy Jansen Company,* 380 P.2d 523 (Okl.1963); *Coe v. Esau,* 377 P.2d 815 (Okl.1963).

In the instant case it is clear from Plaintiff's allegations that her injuries were caused by the alleged negligent operation of an amusement ride in the exclusive control of some or all of the other Defendants and not by some defective condition in the fairgrounds premises when leased for said 30-day period. An examination of the lease between The City of Oklahoma City and The State Fair of Oklahoma, Inc. (successor to Oklahoma State Fair and Exposition) reveals that The State Fair of Oklahoma, Inc. has exclusive control over the fairgrounds premises during the 30 days per year the lease is in effect. Though The City of Oklahoma City under the lease would provide certain services to the premises such as maintenance of streets and fire and police protection, this would not prevent The State Fair of Oklahoma, Inc. from being in exclusive control of the premises under the lease. Moreover, none of the services to be provided by The City of Oklahoma City are alleged by Plaintiff to have any bearing on her alleged injury and the cause thereof. Therefore, it appears that Defendants Oklahoma City and Oklahoma City Public Property Authority owed no duty to Plaintiff which would give rise to her cause of action as alleged in her Complaint.

In view of the foregoing, the Court finds and concludes that Defendants Oklahoma City and Oklahoma City Public Property Authority owed no duty to Plaintiff regarding her injury involved herein as the fairgrounds premises were under the exclusive control of The State Fair of Oklahoma, Inc. at the time of Plaintiff's accident *and* Plaintiff's accident, according to Plaintiff's Complaint and the undisputed evidence before the Court, was not caused by any defective condition in the premises as leased by Movants or contributed to in any way by Movants. Accordingly, there being no genuine issue of material fact before the Court, Defendants', Oklahoma City and Oklahoma City Public Property Authority, Motion to Dismiss (treated as for summary judgment) should be granted and summary judgment should be entered in the instant action in favor of Defendants Oklahoma City and Oklahoma City Public Property Authority and against Plaintiff dismissing Plaintiff's Complaint as to said Defendants. Rule 56, Federal Rules of Civil Procedure; *see, e.g., Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Bankers Trust Co. v.*

*Transamerica Title Insurance Co.,* 594 F.2d 231 (10th Cir.1979); *Harsha v. United States,* 590 F.2d 884 (10th Cir.1979); *Madison v. Deseret Livestock Co.,* 574 F.2d 1027 (10th Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202 (10th Cir.1977).

It is so ordered this 3d day of November, 1981.