Wanda Joyce CREAMER and Robert Creamer, Appellees,

v.

Greg BUCY d/b/a Cybernetic Communications, Appellant,

and

Cox Cable of Oklahoma City, Inc., Appellee.

No. 61879.

Court of Appeals of Oklahoma, Division No. 1.

April 30, 1985.

Released for Publication by Order of Court of Appeals June 3, 1985.

Laird and Laird by Jeff R. Laird, Jr., Oklahoma City, for appellee, Wanda Joyce Creamer.

Culp, Heath, and Sushnik by James L. Percival, Oklahoma City, for appellant, Greg Bucy d/b/a Cybernetic Communications.

McKinney, Stringer and Webster by Jim T. Priest, Oklahoma City, for appellee, Cox Cable of Oklahoma City, Inc.

REYNOLDS, Judge:

Negligence action. Cox Cable of Oklahoma City, Inc. ("Cox") hired Greg Bucy d/b/a Cybernetic Communications ("Bucy"), an independent contractor, to install a co-axial television cable from Cox's main cable to Wanda Joyce Creamer's ("Creamer's") residence. Cox's main cable is located in Creamer's front yard easement. In running the co-axial cable from the front yard easement to Creamer's residence, Bucy's agent, Robert LaForce ("La-Force"), traversed a sidewalk by placing the cable in an expansion joint of the sidewalk. A few evenings after the installation, Creamer, carrying a 40-gallon trash can, walked down the sidewalk, tripped and fell over the cable, and sustained personal injury.

At the conclusion of all the evidence, trial court sustained Cox's motion for directed verdict and dismissal. Jury returned a verdict in favor of Creamer and against Bucy for $45,000.00, reduced by 15% because of Creamer's contributory negligence, for a net award of $38,250.00. Bucy appeals trial court's denial of motion for new trial.

As his first proposition, Bucy urges trial court erred in dismissing Cox from the action. Bucy contends the dismissal of Cox caused irreparable harm to Bucy by leaving Bucy "alone as a party defendant against Mrs. Creamer". Cox, relying on *Cleary Petroleum Corp. v. Harrison*, 621 P.2d 528 (Okl.1980), responds that Bucy has no right to appeal trial court's dismissal of Cox because Bucy is not a party aggrieved by such action. In *Cleary, supra,* p. 530, the Supreme Court of Oklahoma stated:

> One who is not aggrieved by a court's decision—however erroneous—may not bring an appeal from it. Case law defines an "aggrieved party" as one whose pecuniary interest in the subject-matter is directly and injuriously affected or one whose right in property is either established or divested by the decision from which the appeal is prosecuted. Generally, if the judgment sought to be reviewed does not, by its own force, operate to impose a burden or obligation, and it has no binding effect upon any right, interest, person or property of the appealing party, that appellant is not deemed aggrieved. The effect of a judgment must be direct, substantial and immediate, rather than contingent on some future event.

Creamer did not appeal trial court's dismissal of Cox. Bucy filed no cross-claim against Cox. "Standing to prosecute an appeal must be predicated on that interest in the trial court's decision which is *direct, immediate and substantial.* Conjecture or speculation about possible adverse consequences that may flow from the decision at some point in the future will not suffice to support a person's 'aggrieved' status." *Underside v. Lathrop,* 645 P.2d 514, 517 (Okl.1982). [Emphasis in original.] We hold Bucy lacks standing to contest trial court's dismissal of Cox.

For his second proposition, Bucy states: "That the trial court erred in not directing a verdict in favor of Greg Bucy because as a matter of law in Oklahoma the sub-contractor's liability to third persons for negligent construction is terminated upon acceptance by the contractee." Bucy cites four cases to support his position that, as a matter of law, he cannot be held liable to Creamer for negligent installation: *Minor v. Zidell Trust,* 618 P.2d 392 (Okl.1980); *Schlender v. Andy Jansen Company,* 380 P.2d 523 (Okl.1963); *Greenwood v. Lyles & Buckner, Inc.,* 329 P.2d 1063 (Okl.1958); and *Armstrong v. City of Tulsa,* 102 Okl. 49, 226 P. 560 (1924). *Minor,* the most recent decision cited by Bucy, does not address the accepted-work doctrine. In *Minor,* the Supreme Court of Oklahoma specifically stated: "We need not hence concern ourselves with the correctness of the architect's contention that their liability to the Motorist is legally expressible in terms coextensive with that of a builder or contractor whose 'job' has been 'accepted' by the owner." *Minor, supra,* p. 393.

Bucy relies most heavily upon the oldest decision, *Armstrong,* where the Supreme Court of Oklahoma stated in the third paragraph of its syllabus:

> The general rule is that, after an independent contractor has turned over the work performed by him, and it has been accepted by the proprietor, the contractor incurs no further liability to third parties by reason of the condition of the work; but the responsibility, if any, for maintaining or using it in its defective condition is shifted to the proprietor. The contractor remains liable, if at all, only to the proprietor for a breach of his contract. *Armstrong, supra,* p. 561.

The more recent cases of *Schlender* and *Greenwood,* while affirming the general rule announced in *Armstrong,* expressly state that there are exceptions to the general rule. In *Schlender, supra,* p. 524, the Supreme Court stated in the first paragraph of its syllabus:

> Generally, as a matter of public policy, a builder's liability to third persons for negligent construction is terminated upon acceptance by the contractee, *but where the contractor has wilfully created a condition which he knows, or by the exercise of ordinary diligence*

*should have known, to be immediately and certainly dangerous to persons other than the contractee, who will be necessarily exposed to such danger, considerations of public policy do not require the application of the general rule.* [Emphasis added.]

We hold there was sufficient evidence from which the jury could find as a matter of fact that Bucy willfully created a condition which, by the exercise of ordinary diligence, he should have known to be immediately and certainly dangerously to persons other than Cox (such as Creamer) who were necessarily exposed to such danger.

For his third proposition, Bucy asserts: Trial court erred in not directing a verdict for the defendant, Greg Bucy, in that the plaintiff, when faced with an open and obvious defect, have (sic) primary responsibility to act reasonably in protecting her own person and her failure to act reasonably in protecting her own person and her failure to act reasonably is the sole and proximate cause of the injuries sustained.

In *Jack Healey Linen Service Co. v. Travis,* 434 P.2d 924, 926 (Okl.1967), the Supreme Court of Oklahoma once again set forth the test for defendant's motion for directed verdict:

The question presented on defendant's motion to direct a verdict is whether, admitting the truth of all the evidence favorable to the plaintiff, together with such inferences as may reasonably be drawn from it, there is enough competent evidence reasonably to sustain a verdict for the plaintiff should the jury find in her favor. Where the evidence is conflicting, all facts and inferences unfavorable to the plaintiff must be disregarded, leaving for consideration that evidence only which is favorable to the plaintiff. If there is any competent evidence tending to show a right to recover under any view of the evidence so considered, the matter should be left for the jury.

*See also Barnes v. Gaines,* 668 P.2d 1175 (Okl.App.1983). It was dusk at the time Creamer tripped over the cable. The cable was black, the same color as the tar or caulking inserted in the expansion joint of the sidewalk. When the evidence is viewed in the light most favorable to plaintiff, we are unable to say as a matter of law that the cable was such an open and obvious danger as to make plaintiff the sole and proximate cause of her injuries. Jury returned a verdict finding Creamer 15% contributorily negligent and Bucy 85% negligent. In actions at law tried to a jury, the verdict must be affirmed if there is any competent evidence to support it. *White v. McDonald,* 447 P.2d 746 (Okl.1968). We find the verdict is supported by competent evidence.

Finally, Bucy asserts the following as his fourth and fifth propositions of error:

That the trial court erred in giving instruction number fourteen (14) dealing with reasonable expenses and necessary medical care and treatment, past and future, in that there was no competent evidence of trial as to any future medical expenses.

That the trial court erred in giving instruction number six (6), wherein the trial court determined that as a matter of law, Robert Dale LaForce was an agent of defendant, Greg Bucy, d/b/a Cybernetics Communication, in that there was no evidence at trial to support a finding as a matter of fact or as a matter of law that Robert Dale LaForce was anything other than an independent contractor.

Bucy failed to include these new and independent assignments of error in his original motion for new trial. Instead, after expiration of the statutory time for filing a motion for new trial, Bucy filed what he terms a "supplemental motion for new trial" in which he attempts to assert for the first time these two grounds of error. On appeal from trial court's denial of motion for new trial, movant may not raise allegations of error that were available to him at the time of filing his motion for new trial but were not therein asserted. 12 O.S. 1981 § 991(b). Unless unavoidably prevented, the application for new trial must be filed within ten days after the verdict,

report, or decision is rendered, except for the cause of newly-discovered evidence. 12 O.S.1981 § 653. Here, the verdict was rendered on January 19, 1984. Bucy timely filed his original motion for new trial on January 27, 1984. The last day for adding entirely new and independent grounds for new trial would ordinarily be January 29, 1984. However, January 29, 1984 was a Sunday. Therefore, Bucy was afforded an extra day, January 30, 1984, in which to add new grounds to his motion for new trial. *See* 12 O.S.1981 § 82 ("When the last day for the filing of any pleading or other written instrument in a public office, or the performance of any act required to be performed in such office, falls on a day when such office is not open for public business, the pleading or other written instrument may be filed or the act performed on the next day when the office is open for the performance of public business.") [Section 82 was repealed effective November 1, 1984. 1984 Okl.Sess.Laws c. 164, § 32. *See now* 12 O.S.Supp.1984 § 2006.] Bucy did not file his "supplemental motion for new trial" until February 1, 1984. In *Arkansas Louisiana Gas v. Travis*, 682 P.2d 225, 228 (Okl.1984) the Supreme Court of Oklahoma addressed the issue where an entirely new and independent ground for a new trial was attempted by motion amendment made after the time for filing a motion for new trial had expired:

> We therefore hold that neither the trial court nor this Court on appeal had jurisdiction to consider the attempted amendment of defendants' motion for new trial which asserts a new and independent ground for granting a new trial, since the "amendment" was not filed within the statutory time for filing a motion for new trial as required by § 653, and defendants were not unavoidably prevented from asserting the new ground in their original motion and the new ground was not newly-discovered evidence material for the defendants which defendants could not, with reasonable diligence have discovered and produced at the trial.

Applying the law espoused in *Travis* to the facts of this case, we find:

(1) Bucy timely filed his original motion for new trial.

(2) After the statutory time for filing motion for new trial expired, Bucy attempted to amend his motion for new trial by adding two entirely new and independent grounds for new trial.

(3) The new and independent grounds for new trial concern jury instructions.

(4) Bucy was not unavoidably prevented from asserting these new and independent grounds in his original motion for new trial.

(5) These new and independent grounds are not newly-discovered evidence.

We recognize that lack of specificity in any ground of a timely-filed motion for new trial is cured when the record shows that, at the hearing on the motion and without any objection by the opposing party, the movant precisely identifies each error or point of law which is fairly comprised in the defective general ground of the motion. *Huff v. Huff*, 687 P.2d 130 (Okl.1984); *Horizons, Inc. v. Keo Leasing Co.*, 681 P.2d 757 (Okl.1984). However, the movant may not rely on errors which are not fairly embraced in the specific grounds stated in the timely-filed motion for new trial. *Arkansas-Louisiana Gas Company, supra; Federal Corp. v. Ind. School Dist., Etc.*, 606 P.2d 1141 (Okl.App.1978) [Anointed with precedential value by order of the Supreme Court of Oklahoma, 606 P.2d 1144 (Okl.1979) ]; Rules for the District Courts of Oklahoma, 12 O.S.Supp.1985 Ch. 2, App. Rule 17.

Bucy's failure to comply with the requirements of § 653 is a fatal defect which divests this court of jurisdiction to consider the assignments of error contained in his "supplemental motion for new trial", set forth in his appellate brief as propositions of error four and five.

Judgment of trial court AFFIRMED.

ROBINSON, P.J., and HOWARD, J., concur.