2001 OK CIV APP 93

**Tracey STRADER–FAIAZI, Plaintiff/Appellant,**

v.

**EDMOND FOURTH OF JULY FESTIVALS, Defendant/Appellee.**

**No. 95,534.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 15, 2001.

Randy D. Edmonson, Law Office of Dan M. Davis, Oklahoma City, OK, for Appellant.

Sarah J. Rhodes, Abowitz, Rhodes & Dahnke, Oklahoma City, OK, for Appellee.

JOPLIN, Judge:

¶1 Plaintiff/Appellant Tracey Strader–Faiazi (Plaintiff) seeks review of the trial court's order granting the motion for summary judgment of Defendant/Appellee Edmond Fourth of July Festivals (Defendant) on Plaintiff's premises liability claim. In this accelerated review proceeding,[1] Plaintiff asserts the evidence on summary judgment reveals a controversy of material facts—particularly concerning Defendant's duty and breach of duty—precluding summary relief. Having reviewed the record, however, we find no controversy of material fact, and Defendant entitled to judgment as a matter of law. We therefore conclude the order of the trial court should be affirmed.

¶2 Defendant is a non-profit corporation formed for the sole purpose to effect and coordinate Fourth of July activities in Edmond, Oklahoma for the general public. Historically, Defendant leased the football stadium on the campus of the University of Central Oklahoma (UCO) from UCO to present a fireworks display.

¶3 In 1997, Defendant again leased the UCO stadium for the July 4th fireworks display, and Plaintiff (with her family) sought to attend. To that end, Plaintiff parked her vehicle on a city street adjacent to the UCO campus, and as Plaintiff and her family walked across the UCO campus on their way to the stadium, Plaintiff stepped in a grass-covered hole, injuring her ankle.

¶4 Plaintiff subsequently commenced the instant action, alleging Defendant's negligent failure to keep the premises in a reasonably safe condition, and particularly Defendant's failure to inspect and warn of or remedy the dangerous condition of which Defendant knew or should have known prior to the fireworks display. Defendant moved for summary judgment, asserting no duty to maintain the grounds of the UCO campus, nor a duty to warn of hidden dangers located outside the leased premises of which Defendant had no knowledge.[2] The trial court granted summary judgment in Defendant's favor, and Plaintiff appeals.

 ¶5 Under Oklahoma law, where property is leased for public purposes, and at the time of leasing there is a condition of which the landlord knows rendering the premises unsafe for the proposed purpose, the landlord may be liable to third parties who are injured by reason of the dangerous condition. *Sheffield v. Link*, 550 F.Supp. 11 (W.D.Okla.1981); *Schlender v. Andy Jansen Company*, 1962 OK 156, 380 P.2d 523; *Tulsa Entertainment Co. v. Greenlees*, 1922 OK 71, 85 Okla. 113, 205 P. 179. However, absent a defective condition in the premises leased, the owner of a leased premises bears no liability to an injured third party where the owner/lessor has relinquished control of the premises to the lessee. *Sheffield*, 550 F.Supp. at 12; *Schlender*, 1962 OK 156, ¶6, 380 P.2d at 523; *Coe v. Esau*, 1963 OK 1, ¶7, 377 P.2d 815, 818.[3] It appears clear, then, that a lessee is liable to a third party injured on the *leased* premises only when the lessee

---

1. The matter stands submitted on the trial court record under Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App.

2. Particularly, Defendant presented evidence that it rented the stadium for only a few hours; had no reasonable opportunity to inspect the entire campus, and, under the terms of the lease, had no control of or right to inspect the campus for any potentially dangerous conditions.

3. Other jurisdictions agree. *See, e.g., A.O. Smith Corp., v. Kaufman Grain Co.*, 231 Ill.App.3d 390,

173 Ill.Dec. 277, 596 N.E.2d 1156 (1992) (lessor liable if he knew or should have known of a defect on the leased premises which could not have been discovered upon reasonable examination by lessee); *City of Denton v. Page*, 683 S.W.2d 180 (Tex.App.1985) (Lessor who invites lessee onto nonleased portion of premises owed duty to inspect and warn of any dangerous condition); *Filipczak v. International Brotherhood of Elec. Workers, Local 110*, 292 Minn. 486, 195 N.W.2d 433 (1972) (where lessor retains no control over the premises, otherwise in good condition when lessee takes possession, the lessor not liable for a lessee's negligence in failing to maintain the premises in reasonably safe condition.)

(1) has control of the premises, (2) has had a reasonable opportunity to inspect the premises, and (3) could have discovered the defect upon inspection.

¶ 6 In the present case, the injury occurred on the UCO campus and not on the leased premises of the stadium. Even assuming the leased premises included all reasonable ways of stadium ingress and egress, under Plaintiff's theory Defendant would be liable to inspect the entire campus, as well as surrounding streets, which invitees to the fireworks display might be expected to occupy.

¶ 7 The record before us reveals that the hole in question resulted from the removal of a pole at some time in the past by someone other than Defendant, and was completely covered by grass. There is no evidence that Defendant knew of the hole, or if afforded an opportunity to inspect the UCO campus, could have discovered the hole hidden in the grass exercising reasonable diligence. Furthermore, there is no evidence that UCO relinquished control of the campus to Defendant as to give rise to Defendant's duty to inspect and warn or remedy the condition, even if the hidden condition could have been discovered.

¶ 8 In this respect, Plaintiff asserted Defendant knew or should have known of the possibility of injury to invitees from the condition of the campus by issuing a public invitation—as it had for the previous twenty years—which Defendant knew would elicit the attendance of some twenty or thirty thousand people, far in excess of the stadium seating capacity of about eight thousand. So, said Plaintiff, because Defendant knew the majority of invitees would be seated outside the leased premises of the stadium, the law imposed on Defendant the duty to inspect all areas of the campus from which invitees might reasonably be expected to view the stadium-based fireworks display for dangerous, hidden conditions.

¶ 9 However, in a suit for damages for personal injury, even if the defendant is careless or negligent in some manner, unless the defendant's negligence causes the complained-of injury, it is the trial court's duty to render judgment for the defendant. *Schlender*, 1962 OK 156, ¶¶ 14–15, 380 P.2d at 524.

In the present case, the Defendant's lack of control over either the leased premises or the remainder of the UCO campus, the lack of a reasonable opportunity to inspect even if control had been given, and the hidden nature of the defect each mandate judgment in Defendant's favor.

¶ 10 The order of the trial court granting Defendant's motion for summary judgment is accordingly AFFIRMED.

¶ 11 ADAMS, P.J., concurs in result; and JONES, J., concurs.