2010 OK CIV APP 97

**Betty WEST, Plaintiff/Appellant,**

v.

**Steve SPENCER d/b/a Spencer's Smokehouse & Barbeque, and D. Wayne Brewer d/b/a, 23 Post Plaza Company, Defendants/Appellees.**

**No. 107,156.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 4, 2010.

Certiorari Denied Sept. 27, 2010.

Rex Travis, Paul D. Kouri, Oklahoma City, OK, for Plaintiff/Appellant.

Paul B. Middleton, Dobbs & Middleton, Oklahoma City, OK, and Randy L. Goodman, Randy L. Goodman, P.C., Nicoma Park, OK, for Defendant/Appellee.

BAY MITCHELL, Judge.

¶1 In this premises liability action, Plaintiff/Appellant, Betty West, appeals from orders granting summary judgment to Defendants/Appellees, Steve Spencer d/b/a Spencer's Smokehouse & Barbeque ("Spencer") and D. Wayne Brewer d/b/a 23 Post Plaza Company ("Brewer").[1]

¶2 Plaintiff sustained personal injuries when the toe of her shoe caught in an expansion joint in the sidewalk after exiting Spencer's restaurant.[2] It was in the afternoon and Plaintiff admitted there was nothing obscuring her vision of the sidewalk. The evidence showed the joint was approximately ⅞ inch wide and between ¼ to ½ inch deep. Plaintiff contends the expansion joint was wider and deeper than necessary, allowing the toe of her shoe to catch in the joint. Plaintiff filed suit against Spencer, the restaurant owner, and Brewer, the property owner, alleging her fall was caused by Defendants' negligence.

¶3 Brewer's motion for summary judgment contends the expansion joint was a "trivial defect" for which no liability could attach as a matter of law. Plaintiff responded, arguing the "trivial defect doctrine" was inapplicable to private landowners and the sidewalk had a "deceptively innocent appearance." Brewer replied that Plaintiff failed to present evidence the expansion joint in ques-

tion was different from any other expansion joint, and any defect was apparent and observable. The trial court granted Brewer's motion for summary judgment without explanation of the basis for its decision.

¶4 The threshold question for any negligence action is whether the defendant owed a duty to the plaintiff. *Pickens v. Tulsa Metro. Ministry*, 1997 OK 152, ¶8, 951 P.2d 1079, 1082. Brewer contends under the "trivial defect doctrine" no duty was owed to Plaintiff. The doctrine is described in *Evans v. City of Eufaula*, 1974 OK 116, ¶¶26–27, 527 P.2d 329, 332:

> A municipality will not be liable for every defect or obstruction, however slight or trivial, or little likely to cause injury, or for every inequality or irregularity in the surface of the way, but is only required to guard against danger it could have, or should have, anticipated in the exercise of reasonable care and prudence. When a defect is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, but still an accident occurs which could have been guarded against by the exercise of extraordinary care and foresight, the municipal corporation is entitled to a directed verdict.

More recently, it was stated another way:

> [The municipality] is answerable only for negligence in failing to repair, remove or guard against substantial (as distinguished from slight or trivial) defects or obstructions after actual or constructive notice of their existence is established.

*McCathern v. City of Oklahoma City*, 2004 OK 61, ¶20, 95 P.3d 1090, 1098 (footnotes omitted). Further, as to a municipality, its duty of care does not change with the status

---

1. This Court reviews summary judgments *de novo,* viewing all facts and inferences presented by the evidence in the light most favorable to the nonmoving party. *Miller v. David Grace, Inc.,* 2009 OK 49, ¶10, 212 P.3d 1223, 1227. Summary judgment is appropriate when there is no substantial controversy as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* If the evidentiary materials show controverted material facts, or if reason-

able minds could reach different conclusions from undisputed material facts, a motion for summary judgment should be denied. *Hulett v. First Nat'l Bank & Trust Co. in Clinton,* 1998 OK 21, ¶3, 956 P.2d 879, 881.

2. The parties do not dispute the facts of how Plaintiff fell.

of the party injured. (*i.e.*, invitee, licensee, *etc.*). *Id.* at ¶ 13, p. 1096.

¶ 5 Presently, the "trivial defect doctrine" is applicable only to municipalities and applies a different standard than that applicable to private or non-governmental defendants. Not being a municipality, Brewer's reliance on the "trivial defect doctrine" is misplaced.

¶ 6 Brewer also contends the sidewalk joint was open and obvious. It is undisputed Plaintiff was an invitee at the time of her accident. Under Oklahoma law, an invitor has a duty to exercise reasonable care to prevent injury to an invitee, but owes no duty to protect against hazards that are "open and obvious dangers." *Williams v. Tulsa Motels*, 1998 OK 42, ¶ 6, 958 P.2d 1282, 1284. An invitee assumes all normal and ordinary risks incidental to the use of the premises and to avoid dangers that were obvious or should have been observed using ordinary care. *Id.*

¶ 7 "[T]he duty to keep premises in a reasonably safe condition for the use of the invited public applies solely to defects or conditions which may be characterized as hidden defects, traps, snares or pitfalls—things which are not readily observable." *Krokowski v. Henderson Nat'l Corp.*, 1996 OK 57, ¶ 6, 917 P.2d 8, 11 (citing *Buck v. Del City Apartments, Inc.*, 1967 OK 81, ¶ 21, 431 P.2d 360, 365–66). The Oklahoma Supreme Court has stated a hidden danger:

> [N]eed not be totally or partially obscured from vision or withdrawn from sight; most generally, the phrase is used to denote a condition presenting a deceptively innocent appearance of safety "which cloaks a reality of danger". Deception, camouflage, deceit and fraud in concealment are the very concepts to which the hidden peril theory of liability traces its historical origin.

*Henryetta Constr. Co. v. Harris*, 1965 OK 88, ¶ 3, 408 P.2d 522, 531 (Irwin, J., supplemental opinion on rehearing) (emphasis added).

¶ 8 There is no fixed rule for determining whether a defect in the premises constitutes a trap or hidden danger. *Jack Healey Linen Serv. Co. v. Travis*, 1967 OK 213, ¶ 8, 434 P.2d 924, 927. It depends on the physical condition of the premises and the use made thereof by the invitor. *Id.* The standard is objective, "whether under similar or like circumstances an ordinary prudent person would have been able to see the defect in time to avoid being injured." *Pickens v. Tulsa Metropolitan Ministry*, 1997 OK 152, ¶ 10, 951 P.2d 1079, 1084.

¶ 9 As the property owner, Brewer had a duty to invitees to use reasonable care to maintain the sidewalk. Reasonable minds could disagree on whether the expansion joint constituted an open and obvious hazard. Reasonable minds could differ on whether the expansion joint constituted a hidden danger based upon a "deceptively innocent appearance." Further, we reject Brewer's argument Plaintiff was required to submit evidence in opposition to summary judgment proving the expansion joint in question was different from expansion joints in other public places. Brewer presented no evidence to suggest the expansion joint in question was a standard size or within acceptable limits in the construction industry. If conflicting inferences can be drawn from the facts as to whether the hazard had a "deceptively innocent appearance," the issue of whether it was an open and obvious condition is for the jury. *Jack Healey Linen Serv. Co.*, ¶ 9, 434 P.2d at 928. Summary judgment was improperly granted in favor of Brewer.

¶ 10 Spencer, who leased the restaurant space from Brewer, moved for summary judgment like Brewer, arguing the expansion joint constituted a "trivial defect" for which no liability could attach as a matter of law. Spencer further argued summary judgment was proper because, pursuant to his lease agreement, Brewer, the property owner, was responsible for maintaining the sidewalk in question. Plaintiff pointed out the "trivial defect doctrine" is not applicable as discussed above and Spencer could not delegate his duty to maintain the sidewalk. The trial court granted summary judgment to Spencer finding no duty was owed to Plaintiff, because the sidewalk in question was not under Spencer's control and Spencer had no duty to maintain the sidewalk.

¶ 11 The Court of Civil Appeals has recognized that "a lessee is liable to a third party injured on the leased premises only when the lessee (1) has control of the premises, (2) has had a reasonable opportunity to inspect the premises, and (3) could have discovered the defect upon inspection." *Strader–Faiazi v. Edmond Fourth of July Festivals*, 2001 OK CIV APP 93, ¶ 5, 28 P.3d 1161, 1162–163.

¶ 12 Oklahoma recognizes a nondelegable duty to maintain one's premises in a reasonably safe condition to protect invitees. *Thomas v. E–Z Mart Stores, Inc.*, 2004 OK 82, ¶ 12, 102 P.3d 133, 137. This nondelegable duty applies primarily where an invitor/property owner attempts to delegate his duty to an independent contractor:

> [A] landowner's duty may not be delegated in the sense that an invitor may be held liable for certain acts of its independent contractors. Allocation of the risk is placed on the invitor who is in control of its premises, including the injury-causing condition thereon, when the invitor either knew or should have known of its existence.

*Id.* at ¶ 25, 102 P.3d at 140. In the instant case, the "non-delegable duty" argument fails because it erroneously presumes Spencer had a duty to maintain the sidewalk. Spencer did not own the property and had no duty or responsibility for maintaining the sidewalk that he could have delegated to someone else.

¶ 13 In relevant part, Paragraph 7.1 of the Lease Agreement between Spencer and Brewer states: "LESSOR [Brewer] shall keep in good repair all exterior parts of the building, including, but not limited to, the following: foundation, floor, walls, roof, *sidewalks,* and exterior painting." Paragraph 7.3 of the Lease Agreement states: "LESSEE [Spencer] shall sweep and keep clean the sidewalks and adjacent service area of the leased premises. LESSOR may enter upon the leased premises at all reasonable hours to inspect it." (Emphasis added).

¶ 14 Pursuant to the Lease Agreement, Spencer's only duty was to keep the sidewalk clean. Brewer, the property owner, specifically retained control of the sidewalk and contractually agreed to keep it in good repair. No evidence was presented to suggest either Spencer or Brewer attempted to delegate any duty of care to an independent contractor. We find no error in the trial court's grant of summary judgment to Spencer. Spencer did not own or have control of the sidewalk, and had no duty to maintain the same.

¶ 15 Accordingly, the order of the trial court granting summary judgment in favor of Spencer is affirmed. The order of the trial court granting summary judgment in favor of Brewer is reversed and remanded for further proceedings consistent herewith.

¶ 16 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

JOPLIN, P.J., and BELL, V.C.J., concur.